PROVOSTY, J.
The reasons for judgment of the trial judge in this case read as follows:
“This is a suit for damages, based upon the charge of malicious arrest of plaintiff by the defendant. There seems to have been a difficulty between the plaintiff and the defendant, during the course of which the plaintiff drew a pistol. Subsequent to the difficulty, probably half an hour afterwards, the defendant saw plaintiff on his wagon delivering milk, and called an officer and instructed him to arrest Dedebant, which accordingly was done, but without a warrant. Subsequently defendant made an affidavit against plaintiff in the Second city criminal court, upon the trial of which he was discharged. Defendant then laid the matter, before the district attorney, who filed an information charging the plaintiff with carrying a concealed weapon. On this charge also he was discharged in the criminal district court.
[1] “In so far as concerns the charge before the criminal district court, which was by information filed by the district attorney, in my opinion, no damages should be allowed, as that case appears to be covered by the decision in the case of Sandoz v. Veazie, 106 La. 202, 30 South. 767.
[2] “The arrest by the officer, without a warrant, under instructions fx-om the defendant, Maestri, seems to me to be covered by the case of Thomas v. Henderson, 125 La. 292, 51 South. 202. In that case there was no actual arrest. The defendant Ghexnayder instructed the officer to arrest the plaintiff Thomas, and the officer merely told him to consider himself under arrest and to report at court the next morning, which was done. Subsequently, a suit was filed for malicious arrest, and in that case the court found for the plaintiff against the defendant Chexnaydex-, who had caused the arrest, and fixed the .damages at $250.
[3] “In the instant case, the evidence shows that the plaintiff was in jail for about five hours until able to secure a bondsman. The damages in this case, therefore, I think should be greater than in the Thomas case, where the plaintiff was never at any time incarcerated.
“All things considered, I think in this case a judgment of $750 would be about fair.”
This judgment, for the reasons therein stated, is affirmed.