ROGERS, J.
 

 This is a damage suit on the ground that defendant maliciously and without probable cause procured the arrest of plaintiff on a charge of petty larceny. Included in the demand is a claim for $27.94 “for 7 days’ time” at the rate of $110 per month. The case was tried by the court sitting with a jury, who returned a verdict in favor of plaintiff for $518.36, itemized as follows, viz.: Loss of time, $250; attorney's fees, $250; back time, $18.36. The defendant, without applying for a new trial, appealed from the judgment entered in accordance with the verdict. Plaintiff has answered the appeal, asking for an increase in the judgment to the full amount prayed for. The salient facts, as they appear from the transcript, are as follows: The defendant company at, or just prior to, the time plaintiff was arrested was troubled by peculations among its employees. In the investigation which it set on foot for the purpose of discovering who was guilty of the dishonest practices, J. M. Shirley, one of its drivers, was arrested. After his arrest, Shirley voluntarily confessed in writing his part in the matter, and declared that four of the other* drivers, including plaintiff and his brother, were guilty of the- same kind of conduct. Armed with this information, defendant’s agent continued his investigation, during the course of which he obtained certain waybill tracers which defendant claims showed that the plaintiff and other drivers were guilty of theft. The entire record of the investigation, including the confession of Shirley and the waybill tracers, were delivered to the defendant’s attorney, who, in turn, presented them to the district attorney for his consideration and action. After inspecting the data placed before him, the district attorney swore to affidavits against four or five of the defendant’s employees, among whom was the plaintiff. ITis arrest took place on May 29, 1922. He was imprisoned in the parish jail, where he remained for about 24 hours, when he secured his release on bond. Subsequent to his release, plaintiff made every effort to bring the case to a trial, but was unsuccessful in his attempt to do so. The delay, however, was not attributable to the defendant company, which was also anxious to bring the matter to a conclusion. The papers in the case became misplaced soon after they were put in charge of the district attorney, and, notwithstanding diligent search therefor, never have been found. Finally, on December 15, 1922, on an order from the office of the district attorney, plaintiff’s bond was canceled, and he was released from the custody of the sheriff. This suit was filed on January 17, 1923.
 

 
 *183
 
 According to the testimony adduced on the trial, the defendant, through its counsel, did nothing more than to place the evidence- which it had assembled, together with a full and fair statement of the case, in the possession of the district attorney. No suggestions or recommendations whatever were made to that official. He acted upon his own responsibility in preparing and swearing to the affidavit against the plaintiff. In these circumstances, it cannot be said that the defendant acted maliciously and without probable cause. It may be that the evidence submitted to the district attorney was insufficient to incriminate the plaintiff, but he believed otherwise. If he was' mistaken in his belief, his mistake cannot be charged to the defendant.
 

 Our conclusion is that this case is governed by the doctrine enunciated in Sandoz v. Veazie, 106 La. 202, 30 So. 767, Hammar v. Atkins, 124 La. 898, 50 So. 787, Dedebant v. Maestri, 134 La. 366, 64 So. 142, and Pellifigue v. Judice, 154 La. 782, 98 So. 244, and that, accordingly, defendant is not answerable in damages to plaintiff for the act of the district attorney.
 

 It is argued on behalf of plaintiff that the doctrine of the cited cases is inapplicable here, because a full statement of the facts was not presented to the district attorney, in that he was not informed that Shirley had admitted his defalcation and was in jail at the time his confession was made; that plaintiff’s good record with the defendant was not disclosed; nor that on one occasion he had returned a small amount credited to the suspense account and resulting from an error in change made by plaintiff; nor that he had not been given a chance to explain or deny the incriminatory statement of Shirley.
 

 It is certain that the district attorney knew of Shirley’s wrongdoing, since the confession of the wrongdoer was in his possession among the papers presented to him for his consideration. Nor do we think there can be any doubt that he was apprised fully of the place where, and the manner in which, the confession was made. In any event, we cannot assume that such was not the ease or that the prosecuting officer of the state was not informed concerning the other facts referred to in the argument on behalf of plaintiff, conceding their bearing upon the cáse is as important as contended for by counsel. The district attorney himself testified as follows, viz.:
 

 “Q. When the matter was presented to you, was it accompanied .with a full and fair statement of the case, and you acted upon your own initiative ?
 

 “A. Yes, sir.”
 

 He was not cross-examined specifically on any of the points referred to by counsel for plaintiff. In view of the uncontradicted and unqualified statement of the district attorney, we fail to see how we can hold that he was not placed in possession of all the relevant and necessary facts of the case.
 

 The record does not disclose how the jury arrived at the figure of $18.36, allowed on plaintiff’s claim of $27.94 for unpaid wages. Plaintiff was arrested on May 29,1922. He was paid all wages due him up to and including that date on June 6, 1922. He was not paid for May 30th and 31st. On May 30th he was in the parish jail on the charge made against him by the district attorney. A letter dated June 15, 1922, from the acting general agent of the defendant company, which plaintiff insisted on receiving, shows that the company did not consider it advisable to longer retain in its service “a man whom the district attorney found necessary to pick up and question.” It is only where an employee, hired for a term, is dismissed without just eause before the expiration of the term that he is entitled to receive the whole of the wages or salaries he would have received if his services had continued for the full term of his employment. In the instant
 
 *185
 
 case, we think there was sufficient cause for the annulment by the defendant of the agreement into which it had entered with plaintiff.
 

 For the reasons assigned, the judgment appealed from is set aside, and it is now ordered that plaintiff’s demand be rejected at his cost.