352 So.2d 268 (1977)
Gracie SAPP, Plaintiff-Appellant,
v.
J. A. WEST COMPANY, Defendant-Appellee.
No. 13361.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1977.
Rehearing Denied December 5, 1977.
Writ Refused January 20, 1978.
Baker, Culpepper & Brunson by James R. Hatch, Jonesboro, for plaintiff-appellant.
Gist, Methvin & Trimble by Alonzo P. Wilson, Alexandria, for defendant-appellee.
Before PRICE, MARVIN and JONES, JJ.
En Banc. Rehearing Denied December 5, 1977.
MARVIN, Judge.
Plaintiff appeals the rejection of her demands for damages arising out of an incident in defendant's Winnfield store which caused plaintiff to be arrested for attempted shoplifting. The reasonableness of the actions of defendant's employees and store manager are at issue. We affirm.
Plaintiff was noticed at a display counter of the store when she picked up and carried away a clear plastic-wrapped merchandising package containing a red clutch purse and matching billfold. When plaintiff walked into another aisle of the store, the employee who was observing plaintiff's movements noticed that the package was no longer in plaintiff's hand, but had disappeared. Plaintiff was carrying a large drawstring purse and defendant's employee suspected that plaintiff had concealed the package in her purse.
Observation of plaintiff continued until plaintiff entered a store dressing room to try on a pair of blue jeans. One employee, who stood watch outside the dressing room, heard noises in the room which were described as sounds of one rumbling through a purse and removing plastic or cellophane wrapping from a package. The area which plaintiff traversed in the store after leaving *269 the purse counter was searched by defendant's employees in an unsuccessful effort to find the missing red purse and billfold.
After plaintiff came out of the dressing room, surveillance continued. The dressing room was then searched and the purse and billfold, unpackaged, were found on the floor. The dressing room had been checked by an employee for debris within five minutes before plaintiff entered and the purse and billfold were not seen in the room at that time.
Defendant's manager was advised of these circumstances. He asked plaintiff if she had taken from the display counter a billfold belonging to the store. At the manager's request, plaintiff accompanied him toward the store office, but in a stockroom enroute, plaintiff stopped, opened to the manager her purse, told the manager that she already had a clutch purse and did not need one and that she had funds with which to purchase a clutch purse. Plaintiff refused to proceed further or to await the arrival of police. The manager made no attempt to physically detain plaintiff and allowed her exit from the store.
The police came to the store in response to a telephone call and learned from the manager the circumstances and the license number of the automobile in which plaintiff left the premises. The manager did not request the arrest of plaintiff by the police. Plaintiff was later arrested by the police at her home, was returned to the store by the police for identification, was booked at the police station, and in about one hour, made bail to effect her release. About two hours after plaintiff was arrested, the police dropped the charges against her at the request of defendant's store manager.
Apparently conceding that her initial detention was reasonable under the circumstances, plaintiff contends on appeal that all of the defendant's actions after the initial detention were unreasonable or without probable (reasonable) cause and that the trial court erred in finding otherwise. We do not agree.
The store manager's actions toward plaintiff after the initial detention were to report the incident to law enforcement authorities and to identify the plaintiff when she was returned to the store for that purpose by police. We do not find these actions unreasonable. See Strong v. American Ry. Express Co., 163 La. 180, 111 So. 669 (1927).
There are cases, including several cited to us by plaintiff, which hold that reasonable cause for initial detention under Art. 215, La.C.Cr.P., may cease to exist under certain circumstances and that the subsequent arrest and prosecution of a shoplifting suspect may impose civil liability. See Hardin v. Barker's of Monroe, Inc., 336 So.2d 1031 (La.App.2d Cir. 1976) and cases cited there. The cases recognizing this principle were decided on their own particular facts, for indeed, it is the circumstances of the individual case which must be weighed against the statutory requisite of reasonable cause. Reasonable cause in cases of this type depends on the store owner's honest and reasonable belief that the facts on which he acts, or which he reports to law enforcement authorities, are the full, relevant and true facts. Reasonable efforts by a citizen toward suppression of crime, even where a simple mistake exists, do not automatically impose civil liability, if all the circumstances indicate the efforts were reasonable. The law should, and does, encourage citizens to report suspected criminal activity to proper authorities. See Carter v. Catfish Cabin, 316 So.2d 517 (La.App.2d Cir. 1975).
We expressly noted in Barker that the inquiry in damage suits based on a store owner's actions toward a suspected shoplifter is twofold. Did the store owner have reasonable cause to suspect and initially detain and investigate the customer, and secondly, was any further detention of the customer reasonable under the additional circumstances which may have been revealed by the initial detention and investigation.
To the store manager and likewise to the trial judge, the plaintiff did not attempt to explain her possession of the package containing *270 the red purse and billfold. Instead, and contrary to the testimony of the store employee who observed her at the purse counter and thereafter, plaintiff denied ever having the package in her hands. This presented a credibility question for both the store manager and the trial judge. With this question answered in the light of the other circumstances, it is not unreasonable to conclude that plaintiff was attempting to steal the packaged items. The record supports the judgment below, and at appellant's cost, it is
AFFIRMED.