GULOTTA, Judge.
In this case, the trial judge awarded damages to plaintiff Jerry Mullen and his wife *511 for unlawful detention by a supermarket security officer. The security officer testified that he saw Mullen changing price tags on vitamin bottles, while Mullen testified that he was not changing price tags. In his oral reasons for judgment, the trial judge indicated that he believed the plaintiff rather than the security officer, because he found the security officer’s testimony inconsistent regarding the length of time plaintiffs were detained. See LSA-C.Cr.P. 215.[1]
The defendant supermarket has appealed, contending the trial judge erred when he failed to find that the supermarket employee had reasonable cause to detain Mullen. Furthermore, defendant contends petitioners failed to prove Mrs. Mullen was detained. Quantum is not an issue.
Although our own evaluation of the testimony and exhibits may create evi-dentiary conclusions leading to a different result from the trial judge’s, we cannot substitute our evaluation for the reasonable inferences and reasonable credibility determinations made by the trial judge. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Moreover, we cannot say the trial judge erred in finding “that there was in fact a situation where they were improperly held.” Canter v. Koehring Company, supra; Arceneaux v. Domingue, supra.
Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

. LSA-C.Cr.P. article 215, in pertinent part, reads as follows:

“Detention and arrest of shopiiñers.

A. A peace officer, merchant, or a specifically authorized employee of a merchant, may use reasonable force to detain a person for questioning on the merchant’s premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The detention shall not constitute an arrest. (Emphasis added).
A peace officer may, without a warrant, arrest a person when he has reasonable grounds to believe the person has committed a theft of goods held for sale by a merchant, regardless of the actual value of the goods. A complaint made to a peace officer' by a merchant or a merchant’s employee shall constitute reasonable cause for the officer making the arrest. * * * ”