GULOTTA, Judge.
Defendant appeals from a judgment in favor of plaintiffs for the unlawful detention of Ruby Duhe, arising out of a claim by defendant’s security officer that Mrs. Duhe changed a price tag on an item in defendant’s store. Liability is at issue, but quantum is not. We affirm.
Based on the testimony of a Schweg-mann’s security officer that he witnessed Mrs. Duhe changing the price sticker on a tube of suntan lotion, defendant contends reasonable cause existed for plaintiff’s detention and interrogation, exonerating defendant from civil liability.
It has been made statutorily and jurisprudentially clear that a merchant is entitled to make a reasonable investigation and to exercise reasonable force to detain a person for questioning, where reasonable cause exists to believe the person detained has committed a theft of merchandise. LSA-C.Cr.P. article 215; Thompson v. LeBlanc, 336 So.2d 344 (La.App. 1st Cir. 1976), writ refused 339 So.2d 26; Mullen v. Schwegmann Brothers Giant Super Market, Inc., 378 So.2d 510 (La.App. 4th Cir. 1979); Levy v. Duclaux, 324 So.2d 1 (La.App. 4th *1020 Cir. 1975), writ refused 328 So.2d 887; Brown v. Hartford Ins. Co., 370 So.2d 179 (La.App. 3rd Cir.. 1979); Sapp v. J. A. West Co., 352 So.2d 268 (La.App. 2nd Cir. 1977), writ denied, 353 So.2d 1337 (1978). The question then is whether defendant had reasonable cause to detain, interrogate and obtain a confession under threat of arrest. In this case the existence or non-existence of “reasonable cause” is based upon a credibility determination. The trial judge clearly accepted the testimony of Mrs. Duhe and rejected the testimony of Richard Apple-gate, the Schwegmann security guard.
According to Applegate, he saw Mrs. Duhe place a lower-priced sticker on a tube of suntan lotion, reducing the price from $1.99 to $1.12, and he watched as plaintiff paid the reduced price at the checkout counter. He then stopped her, and escorted her, along with another security guard and a female employee of Schwegmann’s, to a room in the rear of the store. There Mrs. Duhe was interrogated regarding her actions and was required, under threat of arrest by law enforcement officers, to sign a confession and to pay the price difference.
No other Schwegmann employee or security guard corroborated Applegate’s testimony relating to witnessing the price sticker change by Mrs. Duhe. Furthermore, absent also from the evidence is the box containing the tube of suntan lotion which remained in the possession of Schwegmann, according to Applegate, and on which the $1.99 price sticker was placed. Significantly absent also from the evidence were any other boxes containing suntan lotion on the shelves on the same day of this alleged theft which were marked with the $1.99 price sticker. Furthermore, readily recognizable from the record are contradictions between Applegate’s testimony and that of Robert Rogers, the other security guard, who accompanied Mrs. Duhe and Applegate to the interrogation room. According to Rogers, Mrs. Duhe was apprehended in the store. Applegate testified initially that she was apprehended in the store but on further continued examination admitted that Mrs. Duhe was stopped for interrogation by him in the parking lot near her automobile.
Mrs. Duhe, on the other hand, stated that she was interrogated by Applegate in the parking lot; that she picked up two tubes of suntan lotion; and that one tube had a price tag on it and the other did not. She did not notice whether or not the tubes were in boxes but said the display was dissheveled. She stated that she had never stolen anything in her life and had never been arrested. She signed the confession (although unable to read it because her eye glasses were not available), and agreed to pay the price difference, under threat of being placed in handcuffs and turned over to the authorities for arrest.
It is clear from an evaluation of the evidence that if the security guard’s testimony is accepted, there existed reasonable cause for Mrs. Duhe’s detention. On the other hand, if the testimony of Mrs. Dúhe is accepted and the security guard’s testimony rejected, there existed no reasonable cause for detention. Our evaluation of the evidence leads to a conclusion consistent with the obvious findings of the trial judge. Having so concluded, we find no error and affirm the judgment of the trial court.

AFFIRMED.