## LAVIGNE v. BALTER.
### No. 14645.

Court of Appeal of Louisiana. Orleans.
March 26, 1934.

Jos. A. Casse, of New Orleans, for appellant.

Legier, McEnerny & Waguespack, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for damages for false arrest and malicious prosecution in which $7,500 is claimed by the plaintiff from the defendant.

Samuel Lavigne, the plaintiff, was employed by Bluford Balter, the defendant, as a night watchman on the premises known as the Balter building, owned by his wife, Mrs. Balter. On the morning of February 15, 1931, the defendant learned that several offices in the Balter building had been entered by some one, and desks in the offices broken open and the contents rifled. The superintendent of the building, Robert Massie, after reporting the fact of the robbery to the defendant, who was the building manager, called the police headquarters on the telephone and caused two patrolmen to be sent to the office building for the purpose of investigating the robbery. When the officers arrived all porters and watchmen in the building were questioned, and several, among them the plaintiff, placed under arrest and confined in the First Precinct Police Station, charged by an affidavit bearing the signature of one of the police officers with being dangerous and suspicious characters under a city ordinance. The plaintiff remained in confinement for about twenty-four hours, and was released. Subsequently, upon trial before a recorder, he was discharged.

■ In Pellifigue v. Judice, 154 La. 782, 98 So. 244, 247, the case of Grant v. Deuel, 3 Rob. 17, 38 Am. Dec. 228, was referred to as having held that: "To maintain an action for a malicious prosecution the plaintiff must prove: First, the prosecution; second, that the defendant was the prosecutor, or the cause of the prosecution; third, that he was actuated by malice; fourth, that there was no probable cause for the prosecution." In the case before us the defendant was not the prosecutor. He did not make the affidavit, nor is there any proof that he requested the officer to make it. No malice whatever is shown. As the manager of the building in which the robbery occurred, he caused an investigation to be made by the police, who, in turn, had the plaintiff arrested pending the completion of their examination, when it developed that there was no evidence against plaintiff and the charge was dismissed.

Whether the police acted upon sufficient grounds in arresting plaintiff is of no mo-

ment, because it cannot affect defendant's liability in this suit. The fact that plaintiff, an innocent man, was incarcerated for twenty-four hours under suspicion of having committed a crime is an unfortunate circumstance, but, happily, one which was soon relieved by the establishment of plaintiff's innocence. There is, however, nothing in the record which would indicate that the defendant did anything more than a prudent conservator of property would be expected to do under the same conditions.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.