BLANCHE, Judge.
Plaintiff, Mrs. Joyce Bourg Potter, instituted this suit to recover damages for personal injuries sustained by her minor daughter, Judy Renee Burson, resulting from burns suffered by the child when her clothing ignited as she stood near a gas heater. Cited as defendants are Gordon J. Brien (erroneously referred to as “Gordon J. Brein”), owner of the house where the accident occurred; Southern Farm Bureau Casualty Insurance Company (erroneously referred to as “Farm Bureau Insurance Companies”), liability insurer of the owner; and Albert Griffin, lessee of the house. The accident took place on March 9, 1969, at the rental house located at 402 Wilson Avenue in Houma, Louisiana, when Judy Burson, age six years, was a guest of Mr. and Mrs. Albert Griffin.
The trial court dismissed plaintiff’s suit as to defendants, Gordon Brien and Southern Farm, after sustaining an exception of no right or cause of action, leaving defendant, Albert Griffin, as the sole defendant in the suit. The plaintiff has appealed from this j udgment. We reverse.
Plaintiff’s petition alleges that the defendant, Gordon J. Brien, was the owner of the house where the accident occurred and that Brien was insured by the defendant, Southern Farm. It further alleges that the accident was caused by the negligence of the defendant Brien in that he furnished the leased premises with dangerous and improper heating equipment. The foregoing allegations state a cause of action against both of these defendants.
A review of the record reveals that the evidence taken on the exception related solely to whether the right or remedy sought by plaintiff could be exercised against defendant Brien and his insurer. The introduction of such evidence for that purpose was inadmissible.[1] There was no evidence challenging the plaintiff’s capacity to bring the suit. The general policy in Louisiana is against the piecemeal trial of suits on their merit issues. The case of Babineaux v. Pernie-Bailey Drilling Company, 261 La. 1080, 262 So.2d 328 (1972), contains an excellent discussion of the purposes of the exception of no cause and of no right of action and states the law applicable to the instant case:
“There has been much discussion about the purpose of the exception of no right of action, and many attempts to differentiate that exception from the exception of no cause of action. One of the best statements of the definition of no right of action and of the basis of the distinction between it and no cause of action was given by the late Henry George McMahon: ‘The former [no cause of action] is used to raise the issue as to whether the law affords a remedy to anyone for the particular grievance alleged by plaintiff; the latter [no right of action] is employed (in cases where the law affords a remedy) to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, or to raise the issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally.’ McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul.L. Rev. 17, 29-30. See also McMahon, Parties Litigant in Louisiana, 11 Tul.L. Rev. 529-30. The exception of no right of action, however, cannot be invoked to determine whether a particular defendant can stand in judgment in a particular case, i.e., whether the right or remedy can be exercised against that defendant.
“In Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir. 1967), Mr. Justice Tate of our court, then writing for the *311 Court of Appeal, correctly stated the purpose of the exception of no right of action:
‘The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted. * * *
‘In short, the objection of no right of action raises the question of whether the plaintiff has a legal interest in the subject matter of the litigation, assuming (for the purpose of deciding the exception) that a valid cause of action is pleaded by the petition. LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727.’
“While in an exception of no caiise of action everything in the pleadings is accepted as being true and evidence is inadmissible in a determination of the validity of the exception, in the exception of no right of action evidence is admissible when necessary and even in order to disprove the allegations in the pleadings. Although the general policy in Louisiana is against the piecemeal trial of suits on their merit issues, the exception of no right of action is ‘a threshold device for terminating a suit brought by one without legal interest to assert it’. Bielkie-wicz v. Rudisill, supra; see Reporter’s Comment (b) 5, C.C.P. Art. 927.” (Babineaux v. Pernie-Bailey Drilling Company, 262 So.2d at 333, 334)
Accordingly, the judgment of the trial court dismissing plaintiff’s suit against the defendants, Gordon J. Brien and Southern Farm Bureau Casualty Insurance Company, is recalled, vacated and set aside; and the case is remanded for further proceedings in accordance with law. All costs of this appeal are to be assessed to defendants-appellees, Gordon J. Brien and Southern Farm Bureau Casualty Insurance Company.
Reversed and remanded.

. LSA-C.C.P. Art. 931, in pertinent part, reads as follows:
$ ‡ ‡ #
“No evidence may be introduced at any time to support or controvert tlie objection that the petition fails to state a cause of action.”