336 So.2d 1021 (1976)
Eric W. PARKS, Plaintiff and Appellant,
v.
WINNFIELD LIFE INSURANCE COMPANY et al., Defendants and Appellees.
No. 5567.
Court of Appeal of Louisiana, Third Circuit.
September 1, 1976.
Rehearing Denied September 20, 1976.
Writ Refused November 30, 1976.
*1024 Riddle, Bennett & Ryland, by John T. Bennett, Marksville, for plaintiff and appellant.
Gahagan & Gahagan, by H. C. Gahagan, Jr., Natchitoches, for defendants and appellees.
Before HOOD, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
This is a suit for damages resulting from an alleged malicious prosecution. From a judgment sustaining an exception and dismissing his suit, plaintiff appealed.
The substantial issues on appeal are: (1) Where evidence is received without objection at a hearing on an exception of no cause of action in advance of trial of the case, should that evidence be considered in deciding the exception? (2) Does plaintiff's petition state a cause of action for malicious prosecution?
Plaintiff in this suit is Eric Parks, a 25-year old insurance salesman. The three defendants are: (1) Winnfield Life Insurance Company, (2) its president, Ben D. Johnson, and (3) its attorney, Russell Gahagan. Basically, plaintiff's petition alleges that defendants maliciously, and without probable cause, instituted criminal proceedings against him for theft and false swearing. It alleges further that a grand jury, after hearing the testimony of defendants Johnson and Gahagan, returned indictments against plaintiff on both charges. According to the petition, the charges against plaintiff were dropped by the Natchitoches Parish District Attorney before the commencement of a criminal trial. After the charges against him were dismissed, plaintiff filed this suit for malicious prosecution.
Defendants filed a pretrial exception labeled "Exceptions of No Cause of Action and No Right of Action." In this exception, defendants allege first that the grand jury indictment returned against plaintiff showed that there was probable cause for the criminal prosecution giving rise to this suit and, second, that plaintiff's petition failed to allege that a warrant issued for plaintiff's arrest prior to the grand jury indictment. At the hearing of the exceptions in the trial court, Russell Gahagan testified without objection by plaintiff. The trial court then sustained the exception and dismissed plaintiff's suit with this statement:
"* * * It is encumbent upon plaintiff to prove today, that there was some malice or lack of probable cause for the proceeding. The court sustains the exception of no right of action filed on behalf of all defendants." (emphasis supplied)
At the outset we find it necessary to state the fundamental rules of law distinguishing the exception of no cause of action from the exception of no right of action. Recently our Supreme Court, in Hargroder v. Columbia Gulf Transmission Company, 290 So.2d 874 (La.1974), differentiated the two exceptions with this explanation:
"Generally speaking, an exception of no right of action serves to question the right of a plaintiff to maintain this suit, i. e., * * * his interest in the subject matter of the proceeding, whereas an exception of no cause of action addresses itself to the sufficiency in law of the petition and the exhibits attached thereto. Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So.2d 375; Termini v. McCormick, 208 La. 221, 23 So.2d 52 and Bartholomew v. Impastato, 12 So.2d 700 (La. App.Orl.Cir.1943). The latter is triable entirely on the face of the papers, while evidence may be received under an exception of no right of action for the purpose of showing that plaintiff does not possess the right he claims or that the right does not exist. Soniat v. White, 153 La. 424, 96 So. 19; Schmidt v. Conservative Homestead Association, 181 La. 369, 159 So. 587; Duplain v. Wiltz, supra, [174 So. 652 (La.App.Orl.Cir.)] and La Casse v. New Orleans, T. & M. R. Co., 135 La. 129, 64 So. 1012."
The exception filed by defendants in this case is in truth an exception of no *1025 cause of action. The essential nature of this exception is not altered by either the label placed on it by defense counsel nor by the trial judge's reference to it as an exception of no right of action. Georgia Pacific Corp. v. B. G. M. Builders, 154 So.2d 78 (La.App. 1st Cir. 1963). The allegations of the exception, the evidence received at its trial, the arguments of counsel and the rationale for the trial judge's ruling are all related to the sufficiency in law of plaintiff's petition to allow recovery by anyone against these defendants for malicious prosecution. No issue is raised as to whether this particular plaintiff has an interest in recovering for the malicious prosecution alleged. Therefore, the exception before us is one of no cause of action. There is no exception of no right of action before us for consideration.
LSA-C.C.P. Article 931 states in pertinent part that:
"No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action."
Despite the prohibition contained in Article 931, evidence was introduced by defendants at the hearing on the exception. Plaintiff did not object. The trial judge considered the evidence in sustaining the exception. The threshold question before us is whether the trial judge erred in considering this evidence.
There is a conflict in cases from the Courts of Appeal as to whether evidence admitted without objection at a hearing on an exception of no cause of action may be considered in deciding that exception. In Bielkiewicz v. Rudisill, 201 So.2d 136 (3rd Cir. 1967); Babineaux v. Southeastern Drilling Corporation, 170 So.2d 518 (3rd Cir. 1965); and Breaux v. Pan American Petroleum Corporation, 163 So.2d 406 (3rd Cir. 1964) this Court held such evidence could be considered. These and other similar cases cited therein are the progeny of Rheuarh v. Terminal Mud & Chemical Company, 213 La. 732, 35 So.2d 592 (1948). Cases holding to the contrary are Davenport v. Kaiser Aluminum and Chemical Corporation, 206 So.2d 526 (La.App. 1st Cir. 1968); Potter v. Brein, 289 So.2d 309 (La.App. 1st Cir. 1973); and State ex rel. Guste v. Audubon Park Commission, 320 So.2d 291 (La.App. 4th Cir. 1975).
In the recent Supreme Court case of American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970) the Court unanimously held that only the well-pleaded facts in plaintiff's petition, or documents attached thereto or made a part thereof, could be considered in ruling on an exception of no cause of action. The Court took occasion to expressly overrule several prior Court of Appeal cases which had held that documents not attached to or made a part of plaintiff's petition could nevertheless be considered in deciding an exception of no cause of action.
In its opinion in American Creosote Company v. Springer, our Supreme Court used strong language in stating that LSA-C.C.P. Article 931 should be strictly construed as prohibiting the consideration of any evidence to support or controvert the objection that a petition fails to state a cause of action. Although that case does not address itself to the precise question presented in the present matter, of whether evidence introduced without objection at a pretrial hearing on an exception of no cause may be considered in deciding the exception, the decision does indicate that our Supreme Court favors a strict interpretation of Article 931.
Following the decision of the Supreme Court in American Creosote Company v. Springer, there were several Court of Appeal cases which applied it. In Borenstein v. Joseph Fein Caterers, Inc., 308 So.2d 396 (La.App. 4th Cir. 1975) an exception of no cause of action was filed during the trial on the merits. Citing American Creosote Company v. Springer, the Court held that the evidence which had already been introduced at the trial on the merits could not be considered in deciding the exception.
In Parr v. D. H. Holmes Company, Ltd., 311 So.2d 463 (La.App. 4th Cir. 1975), an *1026 exception of no cause of action was filed at the close of plaintiff's presentation of evidence at the trial on the merits. The trial judge referred the exception to the merits and then, on the completion of the trial, sustained the exception. On appeal the plaintiff argued the trial judge erred in sustaining the exception after evidence had been heard. The Court of Appeal cited American Creosote Company v. Springer for its holding that under Article 931 the trial judge should not have considered the evidence. However, the Court resorted to LSA-C.C.P. Article 2164, which allows the appellate court to render any judgment which is just upon the face of the record, and then proceeded to decide the case on the merits, reasoning that since both parties had introduced all of their testimony it was proper to pass on the merits of the case rather than decide the exception of no cause of action. Several cases are cited in which a similar procedure was followed.
In Murphy Oil Corporation v. Gonzales, 316 So.2d 175 (La.App. 4th Cir. 1975) an exception of no cause of action was filed after the appeal was lodged. The court held that an affidavit filed in the Court of Appeal and evidence taken in the trial court at the post-trial hearing of a motion to increase the amount of the appeal bond, could not be considered in deciding the exception of no cause of action. Although it was perhaps not necessary to the decision, the court cited Borenstein v. Joseph Fein Caterers, Inc., supra, as holding that in deciding the exception of no cause of action, the court could not consider any evidence, "even if properly offered at the trial in support thereof."
In an effort to resolve these apparent conflicts in the jurisprudence, and in particular to find an answer to the precise question presented in the present case, which is whether evidence introduced without objection at a pretrial hearing on an exception of no cause of action should be considered in deciding the exception, we note that the Federal Rules of Civil Procedure provide a solution to this problem. Rule 12(b) lists seven motions which may be pleaded as defenses to a claim for relief. No (6) is the "failure to state a claim upon which relief can be granted", which would include the objections which can be urged under our exception of no cause of action. As to this particular motion, unlike the other motions such as lack of jurisdiction, improper venue, etc., where evidence is clearly admissible on the hearing of the motion, the rule contains the following provision:
"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
Thus, under Rule 12(b) the problem presented in the present case would be solved. If any evidence outside the pleading in the exception of no cause of action was not excluded by the court at the hearing on the exception, then the exception would be treated as a motion for summary judgment and all parties would be given an opportunity to present admissible evidence. However, our Code of Civil Procedure does not contain a provision similar to that quoted from Federal Rule 12(b).
The present case is a classic example of a situation where the lack of a rule similar to the quoted provision from Federal Rule 12(b) has in effect caused a serious injustice. It has resulted in plaintiff being deprived of the opportunity to present his evidence. Here we have a plaintiff whose petition alleges all facts necessary to recover on a claim for malicious prosecution, as is more fully explained in detail later in this opinion. The defendants filed what they labeled "An Exception of No Right Of Action and Exception Of No Cause of Action", in which they allege essentially that plaintiff's position did not state a cause of action because plaintiff alleged that a grand jury indictment had been returned against plaintiff, which in effect *1027 showed that there was probable cause for the prosecution, and that there was no allegation in plaintiff's petition that a warrant issued for plaintiff's arrest prior to the grand jury indictment. Then at the hearing on the exception, Mr. Gahagan testified that both he and the defendant Johnson appeared before the grand jury and gave testimony which resulted in an indictment. Gahagan testified that he thought there was probable cause for an indictment for theft and that there was no malice. It is true that plaintiff's counsel did not object to the introduction of this testimony as to the exception of no cause of action. However, perhaps he was misled by the fact that the exception had been labeled both an exception of no right of action and an exception of no cause action. Of course, evidence is admissible on an exception of no right of action. In any event, plaintiff did not object to the testimony by Mr. Gahagan and he did not attempt to present any evidence of his own. The court then decided on the basis of the allegations of plaintiff's petition and the testimony of Mr. Gahagan that the plaintiff was not entitled to recover. It was in effect a decision on the merits, although plaintiff was not given fair notice that there was to be a hearing on the merits. The end result is that the plaintiff has been denied an opportunity to present his evidence and has been denied his day in court through a technical legal ruling.
We recognize there is an argument that the problem is caused by plaintiff's failure to object to the evidence introduced at the hearing on the exception. However, plaintiff's failure to object may be traced to the fact that all parties involved, including the judge, considered the exception to be one of no right of action. If we allow this case to be decided on the basis of evidence admitted erroneously, but without objection, at the hearing on an exception of no cause of action, we would be condoning the use of a trap-like device designed to ensnare unwary counsel.
We therefore conclude that under LSA-C.C.P. Article 931 evidence admitted without objection at a pretrial hearing on an exception of no cause of action should not be considered in deciding the exception. The apparent harshness of this rule is tempered by the availability of the Motion for Summary Judgment which provides for admission of evidence. La.C.C.P. Article 966 et seq.
To hold otherwise would condone and encourage the loose practice of filing an exception labeled "Exceptions of No Right or Cause of Action", and then alleging as grounds therefor only objections related to no cause of action. This causes confusion to counsel and to the trial courts, as it did in the present case. The two exceptions have different purposes and are subject to entirely different rules. The bar and the trial courts should be encouraged to recognize which exception is pleaded and to apply the proper rules. This was clearly intended by the redactors of our Code of Civil Procedure.
We wish to make it clear we do not hold that evidence admitted without objection cannot be considered in deciding an exception of no cause of action, where the exception has been referred to the merits without objection, as in Desormeaux v. Central Industries, 333 So.2d 431 (La.App. 3rd Cir. 1976). Nor do we hold, as the Fourth Circuit has in the above cited cases, that where the exception is filed during or after the completion of a trial on the merits, or is filed in the appellate court, evidence in the record without objection cannot be considered. This issue is not before us. We hold only that evidence admitted without objection at a pretrial hearing on an exception of no cause of action cannot be considered in deciding the exception.
LSA-C.C.P. Article 1154 should be mentioned, although it is not applicable in the present case. It provides that "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading." (emphasis supplied) In the present case, the evidence did not present new issues. It *1028 contradicted the allegations of fact in plaintiff's petition.
Having excised from our consideration the evidence received at the trial of the exception of no cause of action, we now focus our attention on plaintiff's petition to determine whether or not it states a cause of action.
"The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition. The correctness of the well pleaded allegations of fact is conceded, the issue is whether the face of the petition presents a case which legally entitles the mover to the redress sought." Hero Lands Company v. Texaco, 310 So.2d 93 (La.1975).
In order to state a cause of action for malicious prosecution, plaintiff must allege in his petition the concurrence of these elements:
"(1) The commencement or continuance of an original criminal or civil judicial proceeding.
(2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding.
(3) Its bona fide termination in favor of the present plaintiff.
(4) The absence of probable cause for such proceeding.
(5) The presence of malice therein.
(6) Damage conforming to legal standards resulting to plaintiff." Johnson v. Pearce, 313 So.2d 812 (La.1975); Eusant v. Unity Industrial Life Insurance Corporation, 195 La. 347, 196 So. 554 (1940).
We find that plaintiff's petition states a cause of action. The first element is met by paragraph 3 of plaintiff's petition, which alleges that criminal proceedings were brought against plaintiff in the Tenth Judicial District Court for the Parish of Natchitoches.
Legal causation of the proceeding, the second element, is alleged in several paragraphs as follows: (3) "(defendants) * * * instituted criminal proceedings against plaintiff * * *"; (4)"* * * defendants caused plaintiff's arrest * * *"; (6) "an affidavit was signed by defendant, Winnfield Life Insurance Company charging plaintiff with theft"; (7) "* * * at the instance of defendants, charges were brought before the grand jury * * *"; and (8) "* * * the charges were brought before the grand jury by Russell Gahagen and/or Ben Johnson * * * without the aid or cooperation of the District Attorney's office."
The third element, that of termination of the criminal proceeding in plaintiff's favor, is met by the allegations of paragraph 27 which state that the District Attorney dismissed charges against Parks before trial. Dismissal by the District Attorney is a termination of proceedings in plaintiff's favor. Cormier v. Blake, 198 So.2d 139 (La.App. 3rd Cir. 1967); Glisson v. Biggio, 139 La. 23, 71 So. 204 (1916).
The requirement of lack of probable cause, fourth in the Supreme Court's above enumeration, is stated as a legal conclusion in paragraph (3) of the petition and is supported by the allegations of fact in paragraphs (5) and (7). Malice, the fifth element, is alleged in paragraph (3) and is indirectly alleged in several other paragraphs. Of course, malice may be alleged generally, since it is a condition of the mind, LSA-C.C.P. Article 856. Damages, the final element, are alleged in several paragraphs of Parks' petition. All elements of malicious prosecution are alleged in plaintiff's petition. Therefore, defendants' peremptory exception of no cause of action cannot be sustained.
Defendants argue that the allegations contained in paragraph (9) of plaintiff's petition are fatal to maintenance of his action, citing Lyons v. Carroll, 107 La. 471, 31 So. 760 (1902); Lavigne v. Balter, 153 So. 546 (Orl.La.App.1934), and Strong v. American Railway Express Company, 163 La. 180, 111 So. 669 (1927) for the proposition that a defendant's liability in malicious prosecution cases arises only when he signs an affidavit charging plaintiff with the subject crime. Paragraph (9) of the petition states:

*1029 "That according to the district attorney, Ronald T. Martin, no warrant of arrest or charges were filed prior to the bringing of the matter to the attention of the grand jury." (emphasis added)
We disagree with defendants' contention that paragraph (9) is an admission that no charges were filed nor warrant of arrest issued before plaintiff's indictment. In paragraph (17) of the petition, plaintiff explains that the subject matter of paragraph (9) was communicated to plaintiff's attorney via letter from the district attorney. Plaintiff does not concede the truth of a statement made by a third person by pleading merely that the statement was made.
Furthermore, if a petition states facts consistent with a cause of action, it will not be dismissed on an exception of no cause of action simply because other language of the petition might be subject to an interpretation that it is inconsistent with a cause of action. Johnson v. Graham, 35 So.2d 278 (La.App. 2d Cir. 1947); West v. Ray, 210 La. 25, 26 So.2d 221 (1946).
Plaintiff's petition is vague on the point of whether defendants signed affidavits or caused them to be signed. In paragraph (3), plaintiff alleges that defendants instituted the prosecution. In paragraph (6) plaintiff alleges that defendant insurance company signed an affidavit. Obviously the latter allegation means that the signature was made by an agent of the insurance company. The question of whether all defendants signed affidavits charging plaintiff Parks with the subject crime or caused them to be signed is an issue to be decided not on the exception of no cause of action but upon trial on the merits. Banken v. Locke, 136 La. 155, 66 So. 763 (1914). As we have already stated, plaintiff's allegations that defendants caused, instituted and conducted criminal proceedings against plaintiff satisfy the legal cause requirement as it relates to an exception of no cause of action.
Defendants also argue that a malicious prosecution action cannot be maintained against them after an indictment has been returned against the plaintiff. There is no merit in this argument. By raising the issue of the grand jury indictment, defendants are simply attempting to prove that there was probable cause to institute the proceedings. A grand jury indictment is not conclusive evidence of probable cause and any presumption which may arise as a result of it can be rebutted by proof that the indictment was obtained by false testimony or by proof that defendants failed to make a full and complete statement of the facts to the grand jury. Cormier v. Blake, 198 So.2d 139 (La.App. 3rd Cir. 1967); Robinson v. Rhodes, 300 So.2d 249 (La.App. 2d Cir. 1974). Plaintiff's allegation that the criminal proceedings were instituted without probable cause is an allegation of fact which should not be decided on an exception of no cause of action. Schmidt v. Conservative Homestead Association, 181 La. 369, 159 So. 587 (1935). The issue of probable cause and the effect that a grand jury indictment may have upon it are to be determined at a trial on the merits.
In Hero Lands Company v. Texaco, cited supra, the Supreme Court vigorously reaffirmed the basic principle that in considering a petition against which an exception of no cause of action has been raised, every reasonable interpretation must be accorded its language in favor of maintaining its sufficiency to afford the litigant an opportunity to present his evidence. We have considered the legal sufficiency of plaintiff's petition in light of this mandate and have concluded that he has alleged a cause of action for malicious prosecution.
For the reasons assigned, the judgment of the trial court is reversed, the peremptory exception of no cause of action is overruled and this case is remanded to the district court for proceedings according to law and consistent with the views expressed in this opinion. All costs on appeal are assessed against the defendants, Winnfield Life Insurance Company, Russell Gahagan and Ben Johnson.
REVERSED AND REMANDED.
*1030 HOOD, J., concurs and assigns reasons.
HOOD, Judge (concurring).
I disagree with some of the views expressed by my colleagues. I am yielding to and concurring with the majority, however, primarily because: (1) My refusal to concur would not prevent the case from being remanded; and (2) the majority recognizes that defendants, by means of a motion for summary judgment, may again raise the same issues which could have been disposed of here.
For these reasons, I concur in the result reached by the majority.