486 So.2d 277 (1986)
Mary Knight HARMON, Plaintiff-Appellant,
v.
Alfred E. HARMON, Defendant-Appellee.
No. 85-233.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1986.
Writ Denied June 13, 1986.
Joseph P. Anderson, Jr., Slidell, for plaintiff-appellant.
Cline, Miller & Richard, Floyd D. Lebleu, Rayne for defendant-appellee.
Before LABORDE and YELVERTON, JJ., and FONTENOT [*], J. Pro Tem.
*278 LABORDE, Judge.
On February 3, 1984, plaintiff-appellant, Mary Knight Harmon Bock, brought suit for judicial partition of community property acquired during her marriage with defendant-appellee, Alfred E. Harmon. The parties had previously entered into a community property settlement on September 13, 1971. Appellant asserts that by mutual oversight one asset of the former community has not been partitioned, namely, Mr. Harmon's professional medical education. Defendant raised several peremptory exceptions; the trial court sustained its own exception of no cause of action and overruled defendant's exceptions of res judicata and prescription. In our view, the value of defendant's professional medical education was not overlooked by the parties. This being the only allegedly unpartitioned "asset," we find the community property settlement complete. We reserve addressing the cause of action issue because we find that, even if appellant had enjoyed a cause of action, the right has prescribed.
Mary Knight and Alfred E. Harmon were married in Lafayette, Louisiana on January 22, 1963. Alfred entered and completed medical school during this marriage and soon commenced a successful practice in a professional medical partnership. During this time, Mary dutifully reared the couple's four children. After ten years of acquiring community property, the couple divorced on April 3, 1973.
On September 13, 1971, the Harmons entered into and amicably executed a community property settlement in authentic form. Thereafter, the parties have enjoyed numerous battles over alimony, child custody, and child support. Appellant now comes before this court urging that by mutual oversight the community property settlement omitted an asset of the former communityMr. Harmon's medical education. It is unnecessary to detail appellant's assertion that a professional medical education, when begun and completed during marriage, constitutes patrimony of the community, the value of which is determined by the earning capacity resulting therefrom.[1] The premise of appellant's argument is flawed: the community property settlement in fact contemplated the partition of all of the community's assets.
A community property settlement or transaction has, between the parties thereto, the authority of a thing adjudged. La. C.C. art. 3078 provides in part: "Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion...." Appellant correctly asserts that where by mutual oversight the parties to a community property settlement fail to contemplate a certain item at the time such settlement was entered into, an action for supplementary partition with respect to the item is not subject to an exception of liberative prescription. La.C.C. arts. 1308 and 1401; Succession of Tucker, 445 So.2d 510, 513 (La.App. 3d Cir.), writ denied, 447 So.2d 1077 (La.1984); Moon v. Moon, 345 So.2d 168, 174, 175 (La.App. 3rd Cir.), writ denied, 347 So.2d 250 (La.1977). Likewise, the unpartitioned community asset remains co-owned by the two ex-spouses, and an action by a co-owner for a partition is never prescribed. La.C.C. art. 1304; Succession of Tucker at 514; Rasbury v. Baudier, 370 So.2d 659, 660 (La.App. 4th Cir.1979), affirmed after remand, 410 So.2d 262 (La. App. 4th Cir.1982).
Appellant testified that the medical education was not contemplated at the time of the partition. But she further asserts that the actual pecuniary value of a professional education is the earning capacity derived therefrom. Using appellant's own criterion, we find that the assets derived from Mr. Harmon's medical practice were unequivocably partitioned in the community property settlement dated September 13, 1971. Conveyed to Mr. Harmon were:

*279 "Any and all assets, cash, bank accounts, and/or accounts receivable belonging to partnership of Dr. Lawrence Gardner and Dr. Alfred E. Harmon, and/or the association for medical practice of Dr. Alfred E. Harmon and Dr. Lawrence Gardner, and any assets, cash, or accounts receivable belonging to or directly related to the private medical practice of Dr. Alfred E. Harmon, Individually.
. . . .
Any and all liability connected to or associated with the private medical practice of Alfred E. Harmon.
. . . .
Alfred E. Harmon further assumes all debts of any kind whatsoever owed by the community and hereby releases Mary Ann Knight Harmon from all liability and responsibility...."
As is evident, the parties contemplated and partitioned the fruits of the medical degree. Mr. Harmon was taxed with any and all liability associated with the medical practice arising even while the community existed. He also assumed the substantial debt of repaying the student loans made to finance medical school. Appellant received assets of equal value at the time of the partition. With time, Mr. Harmon's assets perhaps escalated in value, but the worth of the medical education was clearly considered at the time of the partition. At best, appellant undervalued the asset; this could have potentially led to a suit for lesion, for which the prescriptive period of five years has tolled.
The trial court heard testimony and examined exhibits offered in support of three exceptions. The trial court sustained its own motion of no cause of action. "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La.C.C.P. art. 931; Parks v. Winnfield Life Insurance Company, 336 So.2d 1021 (La.App. 3d Cir.), writ refused, 339 So.2d 351 (La.1976). We do not know if the trial court incorrectly considered the evidence in sustaining the motion for no cause of action. Under these facts, we find it appropriate to invoke La.C.C.P. art. 2164, which allows the appellate court to render any judgment which is just upon the face of the record. It is proper to decide on the merits of the case rather than affirm the exception of no cause of action. The community property settlement executed by the parties is complete; whether a community asset or not, Mr. Harmon's medical degree was partitioned as indicated above. We find the question of whether appellant has a cause of action to partition a professional medical education moot as we hold that the asset was in fact, rightly or wrongly, partitioned. Prescription has tolled for any possible rescission or lesion claim appellant may have had.
The judgment of the lower court dismissed plaintiff's suit on the exception of no cause of action; we amend this judgment to dismiss plaintiff's suit on the merits, and as thus amended, we affirm at plaintiff-appellant's cost.
AFFIRMED.
NOTES
[*] Judge H. Ward Fontenot of the Thirty-Eighth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Appellant's argument traces those expounded in Comment, The Interest of the Community in a Professional Education, 39 La.L.Rev. 1106 (1979). See also Woodworth v. Woodworth, 126 Mich.App. 258, 337 N.W.2d 332 (1983).