493 So.2d 731 (1986)
Carolyn BOYKIN, et al., Plaintiffs-Appellants,
v.
Thomas FOSTER, Sr., et al., Defendants-Appellees.
No. 17,804-CA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1986.
*732 David M. Newell, Homer, for plaintiffs-appellants.
Culpepper, Teat, Caldwell & Avery by Bobby L. Culpepper, Jonesboro, for defendants-appellees.
Before MARVIN, FRED W. JONES and SEXTON, JJ.
SEXTON, Judge.
This is an appeal from a judgment of the trial court sustaining defendants' exception and dismissing plaintiffs' suit. We amend and affirm.
Plaintiffs-appellants in this suit are David Williamson and Maxine Williamson, the owners of a tract of land situated in Claiborne Parish, and Carolyn Boykin, lessee of the property. Defendants-appellees are Thomas Foster, Sr. and Hilda Foster, who own property adjacent to the Williamsons' property in Claiborne Parish.
The facts giving rise to this controversy are as follows. In April or May of 1984, Carolyn Boykin leased the subject property. Defendants' property is bordered on its north and east sides by the plaintiffs' property. Located within the boundaries of defendants' property is an approximately eleven foot wide blacktop "road" which runs from West Main Street to a lift station operated by the Haynesville Sewerage Corporation. This "road" is not adjacent to plaintiffs' property. The record reflects that the "road" at its closest point is just over a foot from plaintiffs' property and at its farthest point is a distance of almost twenty feet therefrom.
This blacktopped "road" is used by the city of Haynesville as a means of access to a lift station which it operates in that area. Originally, this was a dirt road which the *733 city of Haynesville periodically graded. Subsequently, the city blacktopped this "road" in 1979, in order to facilitate its use during unusually wet weather.
During June, 1984, Ms. Boykin installed a trailer on the property in question and began to use it as her residence. Ms. Boykin used the blacktop road located on defendants' property to reach her trailer, even though the leased property in question had approximately 181 feet fronting on West Main Street, the nearest public road in the area.
On June 8, 1984, Mrs. Foster informed the plaintiffs that the blacktop road was private and not for public use. Two days later the defendants blocked the road by erecting a fence along their property line. This action by plaintiffs for an injunction, damages, and a judgment declaring this road to be available for public use ensued.
In response to plaintiffs' petition, defendants filed an exception styled, "Exception for No Cause or Right of Action." After hearing extensive evidence, the trial court sustained this exception by judgment signed February 7, 1984 and dismissed plaintiffs' demands. From this judgment plaintiffs now appeal.
Initially, plaintiffs complain that the trial court erred in allowing evidence to be taken on the exception of no cause of action. Indeed, a complete trial occurred on the exception. No objection was made by plaintiffs to the introduction of evidence on the exception, and in fact plaintiffs called witnesses in opposition to the position asserted by the defendants. Approximately a dozen witnesses testified.
Plaintiffs point out that under LSA-C. C.P. Art. 931 evidence is not admissible to judge an exception of no cause of action. However, when evidence is introduced without objection on an exception of no cause of action, the pleadings are deemed expanded to that extent. Jordan v. Sweeney, 467 So.2d 569 (La.App.1st Cir.1985), writ denied 469 So.2d 985 (La.1985).
In this regard, we are not unmindful of American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970), which, in dicta, specifically disapproved the practice of considering documents attached to pleadings in judging the validity of an exception of no cause of action. We are also mindful of Parks v. Winnfield Life Insurance Company, 336 So.2d 1021 (La. App. 3d Cir.1976). There, the Third Circuit, influenced by American Creosote, concluded that even where evidence is admitted without objection on an exception of no cause of action that this evidence may not be considered in evaluating the exception.
We determine that the evaluation of an exception of no cause of action by considering attachments to plaintiffs' petition is a different circumstance than that of evaluating evidence admitted without objection. By definition, a defendants' exception of no cause of action accepts the plaintiffs' allegations as true for the purposes of that exception. However, it does not accept the attached documents. On the other hand, if both the plaintiffs and defendants present evidence on an exception of no cause of action without objection, both sides have consented to the consideration thereof.
We see no useful purpose in a trial court reversal in circumstances such as presented here. A remand would only amount to a reconsideration of the same evidence under the guise of different label. The simplest and most judicially economical procedure is to follow the course of the First Circuit in Jordan.
Thus, we determine that the dicta pronouncement pertaining to no cause exceptions in American Creosote is distinguishable. We therefore decline to follow Parks, agree with Jordan, and affirm the trial court determination that the exception of no cause of action should be sustained.
As we have noted, the evidence introduced at the hearing clearly reflects that plaintiffs' property does not abut the alleged "road." It also reflects that plaintiffs' property is not an enclosed estate. Since plaintiffs are not landlocked and their property does not abut the defendants' property, plaintiffs have no right to cross *734 defendants' property to use the alleged road.[1] In other words, the "enlarged pleadings" reflect no cause of action. Plaintiffs' first assignment lacks merit.
Next, plaintiffs complain that the trial court erred in ruling on the merits at the conclusion of the hearing. However, as we have noted, the signed judgment, as well as the court minutes, clearly reflect that the trial court sustained the exception rather than ruling on the merits.[2]
Plaintiffs' final assignment asserts that the trial court erred in sustaining the defendants' exception of no right of action. The record reflects that the trial court sustained the exception styled, "Exception for No Cause or Right of Action" as filed. Of course, the exceptions of no cause and no right are separate exceptions. LSA-C.C.P. Art. 927(5). Since the exceptions are separate and distinct and because of the nature of the exception of no right of action, we agree that the exception should only have been sustained insofar as it is an exception of no cause of action. It will therefore be necessary to amend the trial court judgment to show that the exception is sustained only in that regard.
Plaintiffs additionally contend in arguing this assignment that they are entitled to have access to this "road" pursuant to either LSA-C.C. Arts. 665, 689, or 742. This argument is without merit. We have already noted that plaintiffs' property is not an enclosed estate. Thus, LSA-C.C. Art. 689 is inapplicable by definition, as is LSA-C.C. Art. 665 dealing with legal public servitudes on the shores of navigable waters. LSA-C.C. Art. 742, which involves acquisition of servitudes through acquisitive prescription, is also inapplicable. So far as we are aware, plaintiffs' argument in brief is the first mention of acquisitive prescription in this cause. Plaintiffs only allege that the "road" has been tacitly or publicly dedicated to public use by the municipality of Haynesville. Moreover, they only allege use of the "road" for a period of five years. Likewise, we find nothing in the "enlarged pleadings" to assist plaintiffs in this regard.
In conclusion, we determine that the trial court was correct in sustaining defendants' exception insofar as it is an exception of no cause of action on the basis of the "enlarged pleadings." It is therefore ordered that the trial court judgment be and is hereby amended to show that the exception insofar as it is an exception of no cause of action is maintained. As amended, the judgment of the trial court is affirmed.
AMENDED and AFFIRMED.
NOTES
[1] While it is not necessary that we reach the issue, it appears that a formal dedication was not shown in this case since the dedication in the two plats introduced at trial did not include the "road" at issue. See LSA-R.S. 33:5051. Moreover, it appears that a tacit dedication was not shown. The record reflects that the city of Haynesville never intended that this road would form a part of its public road system as a result of its work on the road. See LSA-R.S. 48:491; and Rowe v. Harvey, 307 So.2d 103 (La.App.1st Cir.1974), writ refused 310 So.2d 642 (La.1975).
[2] Interestingly, at the close of evidence, counsel for defendants indicated his willingness to submit the case on the merits. Plaintiffs' counsel did not object to this suggestion and from the tenor of the record seemed to have tacitly approved it. Also, the trial court in its Reasons for Judgment seems to have addressed the merits. However, the judgment subsequently signed specifically sustains the previously referenced exception.