586 So.2d 727 (1991)
Karen Weeks GARRETT, Individually and on Behalf of the Minor Child, Sylvia Ray Garrett, Plaintiffs-Appellants,
v.
UNIVERSAL UNDERWRITERS, et al., Defendants-Appellees.
No. 90-196.
Court of Appeal of Louisiana, Third Circuit.
October 2, 1991.
*728 Booth, Lockard, Politz, LeSage & D'Anna, John R. D'Anna, Shreveport, for plaintiffs-appellants.
Gahagan & Conlay, Henry C. Gahagan, Jr., Natchitoches, for defendants-appellees.
Before GUIDRY, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
Two vehicles, traveling in opposite directions on a two-laned highway, collided, killing both drivers. The survivors of both deceased persons filed suits for damages for wrongful death. The suits were consolidated and tried. A jury found that one of the drivers was at fault and the other was not. The plaintiffs who were the survivors of the deceased found at fault, appealed. We affirm.
There were no witnesses to the accident, and very little circumstantial evidence existed to establish how it happened. Accident reconstruction experts were used by both sides. Early in the case it became apparent that the events immediately preceding the collision would never be known. Persuasive physical evidence to prove fault being unavailable, the parties resorted to the use of a legal presumption. It is a well established rule that when a collision occurs between two vehicles, one of which is in the wrong lane of travel, there is a presumption that the driver in the wrong lane is negligent, and the burden is on him to show himself free from any fault, however slight, contributing to the accident. Bishop v. Shelter Insurance Co., 461 So.2d 1170 (La.App. 3rd Cir.1984), writ denied 465 So.2d 737 (La.1985). This is the presumption on which both sides hoped to rely.
So it was that, as reflected by pretrial statements filed by each side, the disputed fact of liability was narrowed down to a determination of which lane the vehicles were in when the initial impact occurred. That it occurred in one lane or the other, and not in the middle of the road, was a postulate never questioned by either side. At the trial, the physical evidence and expert opinions were presented by both sides in an effort to persuade the jury that the other driver was in the wrong lane. In instructions to the jury, the trial judge explained that one driver was at fault and the other one was not. He told the jury that "both widows cannot win." Consistently, the interrogatories submitted to the jury asked separate questions with regard to the negligence of the drivers, and explained to the jury what remaining questions needed to be answered, depending upon whose fault they found. In short, both before, during, and after the trial, all parties relied on the presumption, and the only fact issue in the case was the one that had to be proved in order to invoke the presumption.
The jury answered the interrogatories, finding that the deceased, Steve Garrett, was in the wrong lane, and that the deceased, Kinard W. Young, was not at fault. Based on the jury's decision, two judgments were rendered, one granting damages to one set of survivors, and one denying recovery to the other set of survivors. The only judgment that has been appealed is the judgment in the Garrett suit, which denied recovery to the Garrett survivors. The Garretts complain that the trial judge erred in not granting a new trial to them allowing their case to be retried separately.
The motion for new trial was based on the assertion that the Garretts did not get a fair trial because of the consolidation. Two reasons were advanced to support that assertion.
The first reason was the order of trial. In determining the order of trial, the trial judge let the Youngs go forward with their evidence first, because they sued first. It was argued in the trial courtand the same argument is presented herethat this order of trial, a consequence of the consolidation, put the Garrett plaintiffs "in the second chair."
The other reversible effect of the consolidation, according to the Garretts, was that they were unfairly deprived of a potential jury charge pertaining to comparative negligence.
We pretermit a discussion of whether the Garretts, having made no objection to the *729 consolidation, and in fact having acquiesced in the consolidation in numerous ways, for well over a year before the trial, can now complain that the cases were improperly consolidated. We likewise pretermit a discussion of whether the Garretts, having made no request for a special jury charge having to do with comparative fault, and having raised no objection to the trial court's failure to charge the jury on the issue of comparative fault, can now say that the jury charges were in error. Rather, we decide this case on the issue of whether the trial court erred in failing to grant the motion for a new trial.
One of the peremptory grounds for a new trial is when the verdict or judgment appears clearly contrary to the law and the evidence. La.C.C.P. art. 1972(1). This is the ground relied on by the appellants. If the verdict or judgment is clearly contrary to the law and the evidence, we can make that determination on this appeal and grant relief, without having to order a new trial, because the complete record is before us. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975); Sumrall v. Trosclair, 270 So.2d 921 (La. App. 4th Cir.1972).
We have examined the jury charges, and we find that the trial judge gave the jury the correct law. The trial judge instructed the jury that it was their duty to follow the law as given in the charges. The verdict and judgment which denied the Garretts' claim is not contrary to law.
We have examined the evidence in the case, and the finding by the jury that the Garrett deceased was in the wrong lane of travel is not clearly wrong. Therefore, under the well-settled standard of review of facts to which this court must adhere, the verdict and judgment was not clearly contrary to the evidence. Rosell v. ESCO, 549 So.2d 840 (La.1989).
There is a discretionary ground, stated by La.C.C.P. art. 1973, which authorizes a trial court to grant a new trial in any case if there is good ground therefor. We have examined the record of this trial to determine whether the trial court abused its discretion in not granting a new trial.
We have the authority to make such an appellate determination. Lamb v. Lamb, 430 So.2d 51 (La.1983).
The argument of the appellants is that the consolidation and the order of trial disadvantaged their case, and that the failure of the trial judge to instruct regarding comparative fault was prejudicial. As we understand it, the Garretts are saying that, despite their failure to object to either the consolidation or the jury instructions, these were plain, fundamental errors, so costly as to deny them justice, and that we should disregard their failure to object, and give them a new trial. This appears to be their argument that the denial of a new trial was an abuse of discretion.
We find no abuse of discretion. The general policy in Louisiana is against the piecemeal trial of suits on their merit issues. La.C.C.P. art. 1561; Potter v. Brein, 289 So.2d 309 (La.App. 1st Cir.1973). These cases were properly consolidated.
The record does not support the argument that the Garretts lost their case on account of the order of trial. La.C.C.P. art. 1632 gives the trial judge discretion to vary the order of trial according to the circumstances. Here there were two sets of plaintiffs in suits that were properly consolidated, arising from the same accident. As happens in every such case, one side had to go first. The trial judge had discretion to allow additional redirect and additional recross-examination of any witness. La.C.E. art. 611(D). The Garretts were not restricted in their examination of any witness. Nothing in this record suggests that in the interest of justice they are entitled to another day in court.
Nor was the failure to give the jury an instruction on comparative fault an abuse of discretion. It was not an exercise of discretion, but a decision of law, that prompted the court's charge to the jury that only one driver could be at fault. Due to the nature of the available evidence, and the pretrial statements of the parties, a finding that only one driver was at fault was compelled. An instruction on comparative fault, in these circumstances, would *730 have been as nonsensical as an instruction to the jury that it could find that the accident happened entirely in one lane, and, at the same time, find that it happened in the middle of the road.
For the reasons assigned, the judgment of the trial court is affirmed, at appellants' cost.
AFFIRMED.