614 So.2d 307 (1993)
Joan Ashburn, Wife of Ralph James GESSNER
v.
Ralph James GESSNER.
No. 92-CA-0797.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1993.
Writ Denied April 30, 1993.
Robert C. Lowe, Suzette Marie Smith, David M. Prados, Jeanne M. Gravois, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, for plaintiff/appellant.
Pat M. Franz, Metairie, for defendant/appellee.
Before WARD, JONES and LANDRIEU, JJ.
LANDRIEU, Judge.
In this appeal, we are asked to conclude that a professional degree and license, obtained during the existence of a community property regime which terminated prior to 1986, are community property subject to partition. Since we do not find that the concept of property in this state includes personal competency and skill, the attributes underlying the award of a degree or license, we affirm the decision of the trial court.

FACTS AND PROCEDURE:
Alleging that the defendant/appellee abandoned the matrimonial domicile on or about July 1, 1976, Joan Ashburn, wife of Ralph James Gessner filed a Petition For Separation From Bed and Board on October 25, 1976. A judgment of separation was granted on January 18, 1977, and, on July 18, 1980, the defendant obtained by default a final judgment of divorce.
The community of acquets and gains existing between Joan Ashburn Gessner and Ralph James Gessner, allegedly consisting of movable and immovable property in the Parish of Orleans, was never partitioned. On August 5, 1991, almost fifteen (15) years after legal action was initiated, Joan Ashburn Gessner filed a Petition For Partition Of Community Property in which she specifically averred that the defendant's medical degree and license, obtained during the existence of the parties' community property regime, were assets of the former community. Accordingly, she sought one-half of the value of the assets, including one-half of the proceeds from and fruits of those assets since the termination of the community.
In response to plaintiff's Petition For Partition, defendant filed exceptions of prescription and no cause of action. Although the trial judge dismissed the exception of prescription, he granted the exception of no cause of action. Plaintiff appeals that judgment.

DISCUSSION:
Agreeing with the well-reasoned opinion of the trial judge, we adopt the following discussion of the issue as our own:
"According to Joan Gessner, her action is simply a claim that Dr. Gessner's degree and license are community property; *308 an allegedly viable claim in Louisiana that has not yet been litigated. She cites Harmon v. Harmon, 486 So.2d 277 (La. App. 3d Cir.1986) in support of her contention. The prime source of this premise is derived from a 1979 Louisiana Law Review article inspired by Due v. Due, 342 So.2d 161, 165 (La.1977). Case Comment, `The Interest of the Community in a Professional Education,' 39 La.L.Rev. 1106-31 (1979).
"Admitting that the Louisiana legislature rejected the concept that a degree is property both in its enactment of La.C.C. art. 161 in 1986 and its progeny, La.C.C. art. 121, in 1991, Mrs. Gessner contends no such legislative enunciation existed in 1977, and, therefore, this court must be guided by applicable jurisprudence pre-dating article 161. The Louisiana Supreme Court stated the applicable law, she says, in the Due case when it held:
`... all property (in the broad sense of the word) is to form part of the community, if acquired during the marriage.... Property, in its broad sense, denotes all patrimonial rights. The civil law concept of patrimony includes the total mass of existing or potential rights and liabilities attached to a person for the satisfaction of his economic needs. (Citations omitted). 342 So.2d at 165.'
"Thus, for this court to deny her this jurisprudentially created window of opportunity, says Joan Gessner, would be grossly inequitable.
"This court rejects Mrs. Gessner's contention in its entirety as an ingenuous, but flawed attempt to impose ex post facto a policy (i.e., a degree as property) never previously accepted and presently expressly rebuffed by this state. Indeed, Joan Gessner's argument is reminiscent of Saint Augustine's quandary about `what is time?' in `The Confession' when he ... said: `I know what it is if no one asks me what it is; but if I want to explain it to someone who has asked me, I find that I do not know.'
"Our Louisiana Supreme Court in Due, supra, decided that a lawyer's interest in contingent fee contracts constitutes a patrimonial asset, if acquired during the marriage, and thus, forms part of community property; it did not opine on whether a law degree or any other degree was `property.'
"Former La.C.C. art. 2402, which was applicable under the Due decision, defined community property as the `produce of the reciprocal industry and labor of both husband and wife.' Today, community property is defined as `property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse.' La.C.C. art. 2338. Clearly, whether professional degrees are property under either definition is not a function of their meanings, but a subject of legislative or judicial fiat. In fact, some jurists have expressed the belief that the legislature, not the court, is the appropriate forum for defining a professional degree as marital property. Stevens v. Stevens [23 Ohio St.3d 115], 492 N.E.2d 131, 137 (Ohio 1986). Since Due did not specifically (directly or indirectly) deal with the issue, the linguistic extrapolation of that case proffered by Mrs. Gessner is unacceptable to this court.
"If the two legislatively created causes of action under La.C.C. arts. 161 and 121 cannot be retroactively applied, how then can an undeclared action, of questionable existence, take on legal vitality? This court finds no such legal authority.
"In retrospect, Harmon, supra, at 278, fn. 1 tactfully, but overtly avoided the question of whether a degree was property; Due, in defining property in its broadest sense, simply did not deal with the issue of a professional degree as property. While patrimonial rights may be those susceptible to pecuniary evaluation, two basic and more paramount questions have had to be addressed by courts and legislative bodies before further consideration: 1) an identification (Is it property?); and 2) a characterization (Is it marital or nonmarital property?). In making this two-step process, the vast majority of courts in the nation have rejected the notion that a professional degree is an asset of the community *309 and susceptible to division. See Mahoney v. Mahoney, 182 N.J.Super. 598, 442 A.2d 1062 (N.J.Super.App.Div.1982); Inman v. Inman, 648 S.W.2d 847 (Ky. 1982); Stevens v. Stevens, supra, and Case Comment, The Interest of the Community in a Professional Education, 39 La.L.Rev. at 1110."
The current rejection of the concept of a professional degree and license by the Louisiana Legislature and by the vast majority of courts, albeit courts in foreign jurisdictions, has occurred because neither a medical degree nor professional license has the characteristics of "property" as defined in a legal context. They cannot be bought, sold, donated, transferred, assigned, mortgaged, hypothecated, pledged, pawned, seized, divided, inherited, or made subject to a usufruct.
The professional degree is formal recognition of an individual's competency and skill. The professional license is also a recognition, coupled with a conditional authority to apply one's personal skills in servicing the public. The definition of property in Louisiana cannot be so extended and distorted to include within that definition a professional degree and license.
Accordingly, the decision of the trial court is affirmed.
AFFIRMED.