| JETERS, J.
This appeal arises from a medical malpractice suit filed by the plaintiffs, William and Marjorie Decker, against Dr. R.H. Kibler, a DeRidder, Louisiana chiropractor who owns and operates the DeRidder Chiropractic Clinic. The trial court granted summary judgment in favor of Dr. Kibler, and subsequently denied the plaintiffs’ motion for new trial on the summary judgment motion. The plaintiffs now appeal the trial court’s grant of the summary judgment and its denial of the motion for new trial. For the following reasons we affirm the trial court’s judgment in all respects.
DISCUSSION OF THE RECORD
This litigation began in September 1992, when Marjorie Decker and her husband, William C. Decker, filed suit against Dr. Kibler, alleging he negligently treated Mrs. Decker’s lower back. The case did not progress quickly through the |?courts as the defendant’s motion for summary judgment was not filed until June 13, 1997. The basis of the motion was that the plaintiffs did not have an expert who would testify that the defendant breached the applicable standard of care and therefore, could not be successful in the litigation. The trial court set a hearing on the motion for February 2, 1998, but the plaintiffs *283 were granted a continuance until February 26, 1998. The continuance was granted only after the plaintiffs agreed to provide an affidavit of an expert to testify on the issue of standard of care. The plaintiffs argued that they had available the testimony of two chiropractors, but could not obtain their affidavits in time for the February 2 hearing due to the Mardi Gras holidays. On February 25, 1998, the plaintiffs filed another motion to continue. After an out-of-court conference, the trial court denied the motion, but it extended the time period within which the plaintiffs could file their affidavits to 4:30 p.m. on February 27, 1998. The facts surrounding the filing of this affidavit are what is at issue in this appeal.
On March 19, 1998, the trial court granted the motion for summary judgment and issued written reasons. In its reasons, the trial court relied on the lack of any affidavit support for the plaintiffs in the record. Upon receipt of the decision, the plaintiffs filed a motion for new trial. In their motion for new trial, the plaintiffs assert that their counsel’s law clerk timely filed a copy of a physician’s affidavit with the clerk of court on February 27. However, this affidavit was not in the suit record when the trial court reviewed the record to decide the motion for summary judgment.
Apparently, the plaintiffs had faxed an affidavit to a New Orleans chiropractor on February 27. The New Orleans chiropractor signed it and faxed it back to the plaintiffs. The plaintiffs then mailed a separate original affidavit to the chiropractor lswhich was also executed and returned by mail to plaintiffs’ counsel. This one was executed March 11, and it was attached to a memorandum provided to the trial court on March 13. When the trial court saw this affidavit and found no other affidavit in the record, it concluded that the affidavit was not timely filed (having not been filed by the February 27 deadline) and granted the defendant’s motion for summary judgment. After receiving the reasons for judgment, the plaintiffs assert that their counsel searched for the February 27 affidavit in the clerk’s office but was unable to find it. The clerk questioned his staff and concluded that the document was not filed. However, shortly before the hearing on the motion for new trial, the faxed affidavit mysteriously appeared in the dead records section in the basement of the clerk’s office. At trial, the clerk testified that he still could not say that the affidavit had been delivered on February 27. Additionally, although he testified that he did deliver the affidavit on February 27, the law clerk responsible for taking it to the clerk’s office could not remember to whom he delivered it. The trial court denied the motion for new trial with the following statement:
I feel that the plaintiff has failed to carry their [sic] burden of proof that the affidavit was timely filed in this case. I recognize that we have had testimony’ suggesting that they were brought over, but I — the most charitable way I can look at that is that their recollection is not accurate with respect to the details. They remember specifically everything but who they gave it to so that we could somehow try to verify this.
(Emphasis added.)
In other words, the trial judge simply did not believe the plaintiffs’ version concerning the February 27 affidavit.
OPINION
The plaintiffs assert two assignments of error. In their first assignment, they 14argue that the trial court erred in granting the summary judgment because genuine issues of material fact existed which required disposition at trial. Specifically, the plaintiffs assert that an issue of material fact existed as to “whether Dr. Kibler placed Marjorie Decker in a side posture position for adjustment and manipulation” and whether in doing so, he violated the standard of care required of a chiropractor. In the second assignment of error, the plaintiffs assert that the trial court erred in denying their motion for new trial.

*284
Motion for Summary Judgement

This court reviews a judgment on a motion for summary judgment “de novo, under the same criteria that govern the district court’s consideration of whether summary judgment was proper.” Guillory v. Dr. X, 96-85, 96-86, p.5 (La.App. 3 Cir. 8/28/96); 679 So.2d 1004, 1007 (citing Schroeder v. Bd. of Supervisors of La. State Univ., 591 So.2d 342 (La.1991)). Summary judgments in civil proceedings are provided for in La.Code Civ.P. art. 966, and the summary judgment procedure is favored in the law. La. Code Civ.P. art. 966(A)(2). Although the mover in summary judgment procedure still bears the burden of proof, that burden does not require one who does not bear the burden of proof at trial “to negate all essential elements of the adverse party’s claim ... but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim_” La. Code Civ.P. art. 966(C)(2). Once the movant has done so, the burden shifts to the adverse party “to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial.... ” Id. If the adverse party fails to do so, “there is no genuine issue of material fact.” Id.
It is not disputed that the trial court did not have the benefit of the February 27 | .¡affidavit when it decided the motion for summary judgment. Absent that affidavit, the plaintiffs lacked factual support regarding the standard of care element. We do not find that the trial court erred when it granted the motion for summary judgment, given the record before it. Therefore, we find no merit in the plaintiffs’ first assignment of error.

Motion for New Trial

A motion for new trial can be considered by the trial court either under the peremptory grounds of La.Code Civ.P. art. 1972, or the discretionary grounds of La. Code Civ.P. art.1973. The plaintiffs seemed to raise the issue under La. Code Civ.P. art.l972(l) which requires that the trial court grant a new trial when the “judgment appears clearly contrary to the law and the evidence.” The appropriate standard for appellate review of a trial court’s decision either granting or denying a motion for new trial is the abuse of discretion standard. Miller v. Chicago Ins. Co. 320 So.2d 134 (La.1975); Maxie v. Gines, 95-986 (La.App. 3 Cir. 1/31/96); 670 So.2d 344, writ denied, 96-560 (La.5/10/96); 672 So.2d 921; Garrett v. Universal Underwriters, 586 So.2d 727 (La.App. 3 Cir.1991). As to a request for a new trial based on La.Code Civ.P. art. 1972(1), we find no abuse of discretion on the part of the trial court because the record before it at the time of the decision did not contain the February 27 affidavit. Therefore, the decision was not clearly contrary to the law and evidence.
The only basis for consideration of the plaintiffs’ motion for new trial arises under the “good cause” discretion of La. Code Civ.P. art.1972. However, before we can determine whether the trial court abused its discretion in not granting a new trial, we must first review the factual findings made by the trial court in the hearing on the ^motion. The trial court factually concluded that the plaintiffs’ affidavit was not timely filed. This factual finding is subject to the manifest error analysis. Stobart v. State Through Dep’t of Transp. & Dev., 617 So.2d 880 (La.1993). We do not find that this factual determination is manifestly erroneous. Applying the abuse of discretion standard to these factual findings, we cannot conclude that the trial court abused its discretion in denying the motion for new trial. Thus, we find no merit in this assignment of error.
DISPOSITION
For the foregoing reasons, the judgment of the trial court is affirmed in all respects. All costs are taxed against the defendant.
AFFIRMED.
COOKS, J., DISSENTS AND ASSIGNS WRITTEN REASONS.