670 So.2d 599 (1996)
Louis V. de la VERGNE
v.
Daniel de Pradel de LAMAZE and the Unnamed Partnership Between Louis V. de la Vergne and Daniel de Pradel de Lamaze.
No. 95-CA-1866.
Court of Appeal of Louisiana, Fourth Circuit.
February 29, 1996.
*600 Richard M. Ireland, Jr., A Professional Law Corporation, Metairie, for Plaintiff/Appellant.
Kenny M. Charbonnet, Charbonnet Law Firm, New Orleans, for Defendant/Appellee.
Before SCHOTT, C.J., and LOBRANO and JONES, JJ.
JONES, Judge.
Appellant, Louis de la Vergne, appeals a judgment of the trial court dismissing his action against Daniel de Pradel de Lamaze ("Lamaze") for breach of fiduciary duties to their partnership. Appellant entered into a business relationship with Lamaze (who lives in France) in the early 1980's for the acquisition of property in the United States. The appellant, with funds contributed from Lamaze and a loan, purchased in his name a 17 *601 unit apartment building located at 1227 Esplanade Avenue, New Orleans, Louisiana. He gave Lamaze counterletter indicating Lamaze's one-half ownership and a signed promissory note for one-half of Lamaze's contribution. Through the years, additional financing was needed for renovations and general maintenance of the property. Eventually, the property venture failed which led to foreclosure by the lending institution. First NBC brought action against Lamaze in the United States District Court for the Eastern District of Louisiana (Civil Action no. 90-1168) for the indebtedness, but later dismissed the suit.
However, within the Federal Court suit, Lamaze filed a third party claim against the appellant. In that suit, Lamaze alleged that the relationship between the appellant and himself was a partnership and that the appellant breached his fiduciary duties to the partnership. The appellant denied the existence of a partnership and filed a counterclaim against Lamaze. After a jury trial, the jury found that a partnership existed between the appellant and Lamaze, and that the appellant breached his fiduciary duty to the partnership. Judgment was rendered in favor of Lamaze for $123,600.00 and appellant's counterclaim was dismissed. The appellant appealed the judgment to the United States Fifth Circuit Court of Appeals, which affirmed the lower courts' judgment.
Appellant filed suit in the Civil District Court for the Parish Of Orleans alleging that since a partnership was found to exist, Lamaze breached his fiduciary duty to that partnership. In response to this petition, Lamaze filed an exception of res judicata and no cause of action. The trial court granted the exceptions and dismissed the suit. The appellant timely filed a motion for new trial which was denied without a hearing. Lamaze filed a post-judgment motion for attorney fees and costs which was denied except to award costs in the amount of $433.15. The appellant appeals.
In his first assignment of error the appellant argues that the court erred in granting the exceptions of res judicata and no cause of action filed by defendant Lamaze.
In determining which standard of res judicata to apply, the Louisiana Supreme Court has held that federal law must be applied in determining the basic res judicata effect of a prior ruling of a federal district court Pilie & Pilie v. Metz, 547 So.2d 1305, 1309 (La.1989); Reeder v. Succession of Palmer, 623 So.2d 1268, 1271 (La.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994). Under federal law, the elements of res judicata are:
(1) The parties be identical in both suits, (2) A court of competent jurisdiction rendered the prior judgment, (3) There was a final judgment on the merits in the previous decision, and (4) The plaintiff raises the same cause of action or claim in both suits.
Matter of Howe, 913 F.2d 1138, 1143 (5th Cir.1990).
An examination of the record reveals that every element of res judicata is present in the case at bar. Both appellant and Lamaze were parties to the FNBC action (First National Bank of Commerce v. Daniel de Pradel de Lamaze, No. 90-1168); the federal court where the case was heard is one of competent jurisdiction; and the jury verdict (as affirmed by the U.S. 5th Circuit Court of Appeals) was a final judgment on the merits. The key question, therefore, is whether the plaintiff has raised the same "claim" or "cause of action" in this suit as was raised in the FNBC action.
True res judicata, commonly referred to as "claim preclusion," treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action." Under the rules of claim preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial. Reeder, 623 So.2d at 1271.
In Pilie & Pilie, the court states that Section 24 of the Restatement "defines the scope of a claim under the federal common law." Id. at 1310; see also Howe, 913 F.2d at 1144. Section 24 of the Restatement provides that:

*602 (1) When a valid and final judgment rendered in an action extinguishes the plaintiffs' claim pursuant to the rules of merger or bar, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
Further, official Comment (a) to this section of the Restatement states:
The present trend is to see claims in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights.
Where a plaintiff bases the two actions on the same nucleus of operative facts, the second suit is barred. Agrilectric Power Partners, Ltd. v. General Electric, Co., 20 F.3d 663 (5th Cir.1994).
We find that the trial court correctly determined that this action involves the same claim or cause of action raised in the FNBC action. Appellant's petition to the trial court set forth the same facts at issue in the FNBC action and contained virtually all of the allegations made in his counterclaim in that prior action as well. In the FNBC action, the appellant sought recovery for "outstanding debts incurred on the Esplanade property," and in the instant case, the appellant seeks "recovery for the liabilities... resulting from the Esplanade property." These two suits are nearly identical.
Additionally, appellant argues that the FNBC action is distinguishable since its sole purpose was to determine whether a partnership existed, whereas this suit is to determine if Lamaze breached his fiduciary duty to the partnership that was found to exist. This argument is without merit. In his third party petition, Lamaze alleged, among other things, that appellant breached his fiduciary duty to the partnership. Although the appellant argued that no partnership existed, he may have argued that, in the alternative, if the agreement is found to be a valid partnership, then Lamaze breached his fiduciary duty. This was the proper time to advance such an argument, and the appellant failed to do so.
Therefore, we find that the trial court properly granted Lamaze's preemptory exceptions of res judicata and no cause of action.
In his second assignment of error, appellant alleges that the trial court erred in failing to grant a motion for new trial and leave to amend his petition.
Louisiana Code of Civil Procedure article 1973 states that "a new trial may be granted in any case if there is good ground therefore, except as otherwise provided by law." An appellate court has the authority to determine whether a trial judge abused his discretion in not granting a new trial. Brandt v. St. Bernard Parish School Board, 657 So.2d 1345 (La.App. 4th Cir.1995), citing Garrett v. Universal Underwriters, 586 So.2d 727 (La.App. 3rd Cir.1991).
The appellant has failed to satisfactorily demonstrate how the trial judge's denial of his motion was an abuse of discretion. Appellant argues that the denial of the motion for new trial improperly prohibits him from obtaining leave of court to amend his petition.
The general rule regarding amendments after an answer is filed is that the trial judge has much discretion in such matters, and his ruling will not be disturbed, except where a manifest abuse of discretion has occurred and indicates a possibility of resulting injustice. Jeffries v. Estate of Pruitt, 598 So.2d 379, 386 (La.App. 1st Cir.1992), writ denied, 599 So.2d 306 and 605 So.2d 1124 (La.1992). Assuming that the facts contained in the amended petition are true, appellant has failed to state a valid cause of action upon which relief could be granted. Accordingly, we find no manifest abuse of discretion by the trial court.
After carefully reviewing the arguments of the appellant, many of which were identical to those made in his memorandum in support of motion for new trial, we cannot say that *603 the trial court abused its discretion in denying appellants motion for new trial.
In his third assignment of error, appellant argues that the trial court erred in dismissing the entire suit where the Unnamed Partnership did not join in the exceptions and continues to exist. This argument lacks merit. There are only two members of the partnership, the appellant and Lamaze. Whether the exception was filed on behalf of Lamaze only or on behalf of the unnamed partnership is irrelevant since both end in the same result.
In his last assignment of error, the appellant argues that the trial court improperly awarded Lamaze $433.15 for costs incurred in dissolving the writ of attachment executed by appellant and for sanctions against the appellant for trying to re-litigate an issue that was res judicata. We disagree.
LSA-C.C.P. art. 3506 provides in pertinent part:
The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after a trial on the merits.
Additionally, in James A. Teague Rental Equipment, Inc. v. Audubon Park Commission, 631 So.2d 1299 (La.App. 4th Cir.1994), this court reversed a trial courts failure to award sanctions under article 863 against a party who attempted to re-litigate an issue that was res judicata. It was clearly within the trial courts' discretion to award damages and or costs in this case.
For the above stated reasons, we affirm the actions of the trial court granting the peremptory exceptions of res judicata and no cause of action. All costs are assessed to the appellant.
AFFIRMED.
LOBRANO, J., concurs.
LOBRANO, Judge, concurring.
Appellant could have raised, in the First NBC suit, the same claims he is now raising in this suit. The judgment in the prior suit is res judicata and precludes the instant litigation. I find no need to consider or rule on the exception of no cause of action.