707 So.2d 1059 (1998)
Ruth Ogden, Wife of/and Dr. Louis A. ENSENAT
v.
Robert E. EDGECOMBE, Jr.
No. 97-CA-2239.
Court of Appeal of Louisiana, Fourth Circuit.
March 11, 1998.
Rehearing Denied March 31, 1998.
*1060 Camilo K. Salas, III, Sessions & Fishman, L.L.P., New Orleans, for Plaintiffs/Appellants.
Michael L. Stewart, Schafer & Schafer, New Orleans, for Defendant/Appellee.
Before BARRY, WALTZER and LANDRIEU, JJ.
WALTZER, Judge.
Plaintiffs, Dr. Louis A. Ensenat and Ruth Ogden Ensenat, filed suit on 30 August 1996, against Mr. Robert E. Edgecombe, Jr. demanding the fixing and marking of the boundary between the parties' contiguous properties. Defendant excepted to the Petition alleging res judicata because the boundary between the two properties was decided in a previous suit between the same parties. After hearing the Exception, the Court sustained it and dismissed the suit, and the plaintiffs appealed.

FACTS
Plaintiffs and defendant are neighbors. The Ensenats filed suit against the Edgecombes many years ago to prohibit the defendant from rebuilding a fence on the Ensenats' property. The Edgecombes filed a reconventional demand to remove encroachments built by the Ensenats on the Edgecombes' property. The trial court rendered judgment in the first suit for the Edgecombes, and the Ensenats appealed. The Fourth Circuit affirmed the trial court's findings. However, the Ensenats did not appeal to the Louisiana Supreme Court.
In August 1996, the Ensenats had not complied with the final judgment in the first suit. The Edgecombes filed for a writ of distringus to seize the Ensenats' property and enforce the original judgment. A few days after the Edgecombes filed for the writ, the Ensenats filed the second suit.
In the second suit, the Ensenats seek to have the boundary between their property and the Edgecombes' property fixed and marked by the court. The Ensenats also requested the appointment of a surveyor. Mr. Edgecombe filed an exception of res judicata alleging that the original suit and judgment caused the boundary between the two properties to be fixed and marked. The trial court held three hearings and sustained defendant's Exception and dismissed plaintiffs' second suit. Plaintiffs timely appealed.[1]

LAW AND DISCUSSION
The trial court sustained defendant's Exception of Res Judicata, and the plaintiffs' have appealed, arguing the first suit between the neighbors did not "fix" their boundary.[2] In their briefs, appellants address only their arguments concerning the rights of parties to bring a boundary action under the appropriate code articles. However, this court is not persuaded by appellants' arguments for their right to bring a boundary action, since this right was fully exercised in the previous litigation.
Defendant excepted to the Ensenats' second suit, alleging res judicata under LSA-R.S. 13:4231. LSA-R.S. 13:4231 provides in pertinent part:

*1061 Except as otherwise provided by law, a valid final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between then, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Appellants complain that the doctrine of res judicata is applicable only when the thing demanded is the same as the thing demanded in the prior action, and the demand is founded on the same "cause of action." However, the Ensenats ignore the amendment to LSA-R.S. 13:4231 by Act 521 of 1990, effective 1 January 1991. This amendment expanded the effect of the doctrine of res judicata "by adopting the principle of issue preclusion." Act 521 of 1990. In determining whether the parties litigated their boundary dispute and the trial court determined this issue, this court has reviewed the entire record on appeal. de la Vergne v. de Lamaze, 95-1866 (La.App. 4 Cir. 2/29/96); 670 So.2d 599. If an issue was relevant to determination of a claim in the first suit, the effect of the first judgment precludes relitigation of the issue, whether or not it was raised at the first trial. Id. However, in this matter the issue of the boundary between the parties' properties was actually litigated, at trial, and determined, in the judgment, in the previous litigation.
The Ensenats in this suit demand that the boundary between their property and the Edgecombes' property be surveyed, fixed and marked. In Ensenat v. Edgecombe, 95-0641 (La.App. 4 Cir. 5/15/96); 677 So.2d 138, 141 and 145, this court repeatedly stated that the trial court had properly established the entire boundary between the two properties. Furthermore, the parties in the original litigation demanded that the court order removal of encroachments along the boundaries of their respective properties. Clearly, in the previous litigation the parties requested the court decide the boundary dispute, regardless of their respective titles for their pleadings. The trial court determined that the surveys submitted in evidence, at the trial in May 1994, marked the boundary between the Ensenats' property and the Edgecombes' property. With this determination the trial court fixed the entire boundary between the parties' properties in accordance with the surveyor's opinions, his report, the parties' titles and other evidence offered at trial. This court affirmed the determination concerning the boundary and the other findings of the trial court. The judgment became final.
Moreover, LSA-C.C.P. art. 425 provides:
A. A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation.
B. Paragraph A of this Article shall not apply to an action for divorce under Civil Code Article 102 or 103, an action for determination of incidental matters under Civil Code Article 105, an action for contributions to a spouse's education or training under Civil Code Article 121, and an action for partition of community property and settlement of claims between spouses under R.S. 9:2801.
The parties were required to assert their demand to remove the marks of the boundary in the original litigation, since the marks for which the Ensenats now complain conform with the original judgment fixing the boundary. Therefore, the Ensenats failed to assert mandatory "causes of action" in the previous suits and are precluded from now urging them.

CONCLUSION
For the reasons given above, the trial court correctly sustained defendant's Exception of Res Judicata. Accordingly, the decision of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Plaintiffs attached numerous exhibits to their appellate brief. The court has reviewed the exhibits and the entire record on appeal, and to the extent that some of the attached exhibits are not part of the trial court's record, the exhibits will not be considered on appeal.
[2] In Assignments of Error 2, 3, 4, and 5, appellants argue that the trial court wrongly ordered a surveyor to mark the boundary. As this vacated Order is not a final judgment, this matter is not properly before this court on appeal. LSA-C.C.P.2083.