|,ARMSTRONG, Judge.
This is an appeal by the plaintiff from a judgment dismissing his action upon an exception of res judicata. We affirm.
The plaintiff previously has sued the same defendants in a case which became our appeal No. 98-CA-1951. The allegations made by the plaintiff in our appeal No. 98-CA-1951, and the plaintiffs allegations in the present case involve the same foreclosure upon an office building owned by the plaintiff. In fact, the allegations of wrongdoing in the present case are identical to some of the allegations of wrongdoing in the first case. Judgment was rendered in favor of the defendants in the first case and was affirmed by us on appeal.
The pertinent statute, governing res ju-dicata in Louisiana, provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or | ^occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3)A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined *944 if its determination was essential to that judgment.
La.R.S. 13:4231.
It is clear that the present case arises from the same transaction or occurrence as did the first action. Consequently, under La.R.S. 13:4231, the present action is barred by res judicata as a result of the judgment in the first action. See, e.g., Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La.7/2/96), 676 So.2d 1077, 1079; Ensenat v. Edgecombe, 97-2239 (La.App. 4 Cir. 3/11/98), 707 So.2d 1059, 1061, unit not considered, 98-1188 (La.6/19/98), 719 So.2d 473.
Lastly, the plaintiff complains of the transfer of the present case, in the trial court, from the Section to which it was originally allotted to the Section which had heard the plaintiffs first case. The transfer was effected pursuant to the trial court’s local rules and, in view of the relatedness of the two cases, was perfectly proper.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.