SUSAN M. CHEHARDY, Judge.
 

 |2In 1990, the Federal Deposit Insurance Company(“F.D.I.C.”) filed a lawsuit in federal court against Tim Tyler Ziifle, and his wife, Diane Reed Ziifle, to enforce payment of the debts, which they had personally guaranteed, for Silent Partner Body Armor, Inc. On March 19, 1991, Mr. and Mrs. Tim Ziifle entered into a consent judgment, in favor of F.D.I.C., for $227,820.00 with accrued interest of $36,616.58, plus subsequently accruing interest. That judgment was later assigned to Quantum Varde Asset Fund, L.L.P.(“Quantum”).
 

 On February 25, 1993, the Ziifles granted a mortgage on their immovable property to secure a note, payable to bearer, on demand, in the principal amount of $90,000.00, with interest at the rate of 8% per annum. The mortgage was recorded on March 2, 1993, at MOB 3570, folio 240. The bearer of that note and holder of the mortgage is Elodie C. Ziifle, Mr. Ziifle’s mother.
 

 On February 16, 2001, Quantum filed suit in federal court to revive the consent judgment. On February 23, 2001, Quantum recorded a certified copy of the original consent judgment in the mortgage records of Jefferson Parish at MOB 3991, folio 145.
 

 On March 3, 2001, Quantum recorded a Notice of Lis Pendens and Reinscription of Judgment in the mortgage records of Jefferson Parish at MOB R3992, folio 302. During the pendency of the revival litigation, on November 1, 2001, Quantum transferred the judgment to Brae Asset Fund. The final judgment reviving the consent judgment was rendered and recorded in the mortgage records of Jefferson Parish on October 25, 2002, at MOB 4089, folio 47.
 

 On July 6, 2007, Ms. Ziifle brought this proceeding, as a rule to rank, claiming that the district court should rank her mortgage as superior to the judgment owned by Brae. Brae filed Exceptions of Improper Use of Summary Proceedings and Non-joinder of Necessary Parties.
 

 At the August 27, 2007 hearing, the parties agreed that the exceptions should be argued and decided before the trial on the merits. That day, the parties argued the exceptions. The trial court took the matter under advisement.
 

 On November 12, 2007, the trial court issued judgment denying the exceptions and granting the rule to rank in favor of Brae Asset Fund. Mrs. Ziifle moved for a new trial, which was denied. Mrs. Ziifle, thereafter, perfected this devolutive appeal, seeking review of the original judgment, and the judgment denying the motion for a new trial. For the following reasons, we grant a new trial and remand for further proceedings.
 

 Here, both parties concede that they did not argue or introduce evidence on the merits of Mrs. Ziifle’s Rule to Rank at the August 27, 2007 hearing. As provided in La. C.C.P. art. 1972(1), a new trial shall be granted, upon contradictory motion, where the verdict or judgment is contrary to the law and evidence. Although the statutory language mandates the granting of a new trial if the trial court finds the verdict is contrary to the law and evidence, the jurisprudence interpreting this provision recognizes the trial judge’s discretion in making that determination.
 
 *17
 
 “Whether to grant a new trial requires a discretionary balancing of many factors.”
 
 Davis v. Wal-Mart Stores, Inc.,
 
 00-0445 (La.11/28/00), 774 So.2d 84
 
 (citing Gibson v. Bossier City General Hospital,
 
 594 So.2d 1382 (La.App. 2 Cir.1991)).
 

 An appellate court has the authority to determine whether a trial judge abused his discretion in not granting a new trial.
 
 Lamb v. Lamb,
 
 430 So.2d 51, 53 (La.1983);
 
 Garrett v. Universal Underwriters,
 
 586 So.2d 727 (La.App. 3rd Cir.1991).
 
 See also
 
 La. C.C.P. art. 1971, comment (d)(“Although the trial court has much discretion regarding applications for new trial, ... the appellate court will not hesitate to set the trial court’s ruling aside, or grant a new trial when timely applied for ... in a case of manifest abuse”).
 

 In this case, Mrs. Ziifle argues that the denial of her motion for new trial improperly prohibited her from introducing evidence on the merits of the underlying matter. We agree. The transcript of the hearing on the exceptions reveals that both parties agreed that the exceptions had to be heard before the merits of the case, which was scheduled for trial at a later date. More importantly, neither party submitted argument or evidence regarding the underlying Rule to Rank. We cannot see a clearer case of the verdict being contrary to the evidence than when no evidence has been introduced on the merits of the claim. After reviewing the record, such as it is, we find that the appellant, Ms. Ziifle, has demonstrated that the trial judge’s denial of her motion for new trial was an abuse of discretion,
 
 de la Vergne v. de Lamaze,
 
 (La.App. 4 Cir. 2/29/96), 670 So.2d 599, 602-603.
 

 Moreover, after conducting an independent review of the record, we conclude that the appellate record in this case should not have been supplemented with evidence that was never introduced in the trial court. Accordingly, we recall our order of August 28, 2008, as improvidently granted. That evidence that was added to the record shall be removed by order of this Court. In conclusion, we 15amend the appellate record, grant appellant’s motion for new trial, and remand for further proceedings.
 

 JUDGMENT REVERSED; NEW TRIAL GRANTED.