CLARENCE E. McMANUS, Judge.
 

 12PIaintiff, Dana Naccari Floridi, was found in contempt of court by judgment rendered on December 5, 2007. She filed a motion for new trial from that judgment, which was denied on June 2, 2008. Plaintiff now appeals from the judgment denying her a new trial. For the reasons that follow, we reverse the decision of the trial court and remand for further proceedings.
 

 The parties were divorced by judgment rendered on January 9, 2007. The community property had yet to be partitioned at the time of this appeal, and included rental property under the administration of plaintiff, Ms. Floridi. The parties each filed motions for contempt, which were ultimately heard on October 30 and November 8, 2007.
 

 At the contempt hearing on October 30, 2007, Ms. Floridi’s counsel indicated that he wanted to call the hearing officer as a witness but the hearing officer was unavailable. The court stated that it would leave the matter open for the taking of that evidence, and also for closing arguments, scheduled for November 8, 2007.
 

 |3At some time immediately prior to the November 8th hearing, it was determined that the hearing officer could not testify. On November 8th, Mr. Floridi appeared in court with newly enrolled counsel. Mr. Floridi’s original counsel remained of record but was unavailable on that date. Neither Ms. Floridi (whose presence had been waived at the prior hearing) nor her counsel was present. The trial court allowed Mr. Floridi to testify, despite the absence of Ms. Floridi and her counsel. On December 5, 2007, the trial court rendered judgment, finding Ms. Floridi to be in contempt of court, and ordering her to pay one-half of the rentals generated, to pay the mortgage on the rental units and the line of credit on the family home, and to immediately return monies taken from the line of credit account. The judgment further assessed Ms. Floridi with reasonable attorney’s fees and costs. The judgment also denied Ms. Floridi’s rule for contempt filed against Mr. Floridi.
 

 On December 17, 2007, Ms. Floridi filed a motion for new trial. During the pen-dency of the motion, on February 28, 2008, Mr. Floridi filed a rule for contempt, alleging that Ms. Floridi had failed to comply with the orders of the December 5, 2007 judgment.
 

 Ms. Floridi’s motion for new trial and Mr. Floridi’s rule for contempt were heard on May 2, 2008. On June 2, 2008, the trial court rendered judgment, denying Ms.
 
 *208
 
 Floridi’s motion for new trial and granting Mr. Floridi’s rule, finding Ms. Floridi to be in contempt for failure to comply with the December 5, 2007 judgment. Ms. Floridi has appealed from that judgment.
 

 In this appeal, Ms. Floridi alleges that the trial court erred in allowing defendant to re-open his case and present testimony, and that the trial court erred in denying her motion for new trial.
 

 14A discretionary basis for a new trial is set forth in La. C.C.P. art.1973, which authorizes the trial court to grant a new trial in any case in which there are good grounds for it.
 
 Jackson v. Home Depot, Inc.,
 
 906 So.2d 721, 2004-1653 (La.App. 1 Cir. 6/10/05). An appellate court has the authority to determine whether a trial judge abused his discretion in not granting a new trial.
 
 Ziifle v. Brae Asset Fund, L.P.,
 
 08-646 (La.App. 5 Cir. 1/13/09), 8 So.3d 15.
 

 It appears that, at the very least, there was some miscommunication between the court, the respective parties, and their attorneys, and that as a result of that miscommunication, Ms. Floridi’s attorney was not present at the hearing. The trial court however allowed Mr. Flori-di to testify, even though plaintiffs attorney was not present to cross-examine the witness. The record supports a determination that the failure of Ms. Floridi’s attorney to appear was a result of such miscommunication. In such a circumstance, the trial court erred in allowing Mr. Floridi to testify at the November 8th hearing, and in failing to grant a new trial. Compare
 
 Cashback, Inc. v. Herring,
 
 27805 (La.App. 2 Cir. 2/28/96), 669 So.2d 693.
 
 [1]
 

 Mr. Floridi, in brief, challenges the timeliness of the motion for new trial. The record shows that judgment was rendered on December 5, 2007, and that notice of the judgment was issued on December 6, 2007. The delays for new trial began to run on December 7, 2007. Excluding legal holidays, in this case Saturdays and Sundays
 
 [2]
 
 , Ms. Floridi’s motion for new trial, filed on December 17, 2007, was timely. LSA-C.C.P. art. 1974.
 

 For the above discussed reasons, trial court’s judgment of June 2, 2008, denying plaintiffs motion for new trial and holding her in contempt for failure to | ^comply with the December 5th judgment that was the subject of the motion for new trial, is reversed and the matter is remanded for further proceedings. Costs are assessed against appellee.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . In
 
 Cashback, Inc., supra,
 
 the appellate court found reversible error in the trial judge’s denial of a motion for new trial. In that case, there was a miscommunication as to whether an extension of time to file an answer had been granted. As a result, defense attorney failed to file an answer and a default judgment was taken against him.
 

 [2]
 

 . See LSA-R.S. 1:55;
 
 Consolidated Marketing, Inc. v. Busi, 256
 
 So.2d 695 (La.App. 2 Cir. 1972).