TERRI F. LOVE, Judge.
|; This appeal arises from a dispute regarding the dismissal of Ulysses Williams from his position with the Orleans Levee District. The Civil Service Commission and referee determined that an appropriate punishment for the alleged conduct was a thirty-day suspension, as opposed to his dismissal by the Orleans Levee District. The First Circuit reversed and reinstated the dismissal.[1] Ulysses Williams also filed several suits in Orleans Parish seeking redress for his termination. The trial court granted the exception of res judicata as to the Orleans Levee District/Board of Commissioners regarding the claims of racial discrimination, discriminatory employment practices, whistle-blower violations, and civil rights violations. The trial court denied the exception of res judicata as to the Orleans Levee District/Board of Commissioners as it related to claims of defamation, false imprisonment, and the intentional infliction of emotional distress. The trial court also denied the exception of res judicata as to the claims alleged against the State of Louisiana through the Office of the Governor. For the following reasons, we find that the trial court did not err and affirm.

\,FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Ulysses Williams, the former assistant managing director of the Orleans Levee District (“OLD”), attempted to enter his office over the weekend of February 15, 1997, when the administrative offices were closed. Mr. Williams ignored the closure *310 and telephoned his attorney when he was not permitted to enter the facility. Upon learning of the incident, the news media arrived on the scene and videotaped a confrontation between Mr. Williams; his attorney; Jim Huey, the president of OLD; and an OLD police officer. Allegedly as a result of the confrontation and the media coverage, the OLD suspended Mr. Williams pending further investigation.

CSC/First Circuit Proceedings

Mr. Williams appealed his suspension to the Civil Service Commission (“CSC”) asserting that he was being punished as a whistleblower. Mr. Williams was provided with a pre-deprivation hearing in regards to the charges of insubordination and breach of duty. Following the pre-depri-vation hearing, Mr. Williams was advised by the OLD that his employment was terminated. Thereafter, Mr. Williams filed a second appeal to the CSC alleging discriminatory treatment based on his race and alleged status as a whistleblower.
The CSC referee found that Mr. Williams’ behavior justified discipline. However, the referee held that a thirty-day suspension was warranted instead of termination. The CSC agreed and affirmed the referee’s finding. The OLD and Mr. Williams appealed to the First Circuit, which found that Mr. Williams “intentionally and purposefully disregarded the established procedures for an employee to pursue his grievance by using legal counsel and television media to interrogate and expose the appointing authority to embarrassment and ridicule.” Williams v. Orleans Levee Dist., Bd. of Comm’rs, 00-0297, p. 6 (La.App. 1 Cir. 3/28/01), 784 So.2d 657, 660. Thus, the First Circuit reversed the CSC and found that Mr. Williams’ termination was reasonable based on his alleged insubordination. The Louisiana Supreme Court denied writs. 01-1730 (La.9/14/01), 796 So.2d 686.

Orleans Parish/Fourth Circuit Proceedings

During the CSC proceedings, Mr. Williams filed a petition for damages in Orleans Parish Civil District Court against OLD, OLD’s Board of Commissioners (“Board”), Mr. Huey, Patricia Harris, Gary Benoit, and ABC Insurance Company (“ABC”) (collectively referred to as “Defendants”) regarding his termination. Mr. Williams alleged that the Defendants committed racial discrimination based on federal and state laws, violated his civil rights, violated the whistleblower act, defamation, false imprisonment, and intentionally inflicted emotional distress. Mr. Williams filed a second petition for damages containing similar allegations and added the State of Louisiana and Robert Namer as defendants. A third petition was filed whereby Mr. Williams requested back pay. Two of Mr. Williams’ pending petitions were removed to federal court and remanded. Upon remand, all three of Mr. Williams’ petitions were consolidated. In the case sub judice, Mr. Williams accused the Defendants of racial discrimination, pursuant to federal and state laws, civil rights violations, whistleblower violations, defamation, false imprisonment, and intentional infliction of emotional distress.
The Defendants filed exceptions of no right of action, no cause of action, prematurity, and lack of subject matter jurisdiction. The State of Louisiana, through the Office of the Governor (“State”), filed a motion to join in pleading the exceptions of OLD. The trial court denied all of the exceptions. The Defendants Lsought writs on the denial to this Court. This Court reversed the trial court as to the OLD in regards to the then pending First Circuit claims of racial discrimination, discrimina *311 tory employment practices, whistleblower violations, and civil rights violations.[2]
Following this Court’s writ disposition and the First’s Circuit’s denial of a rehearing, the State filed an exception of res judicata, which was based upon the proceedings in the First Circuit. The State followed with a motion for summary judgment. The OLD and the Board also filed an exception of res judicata asserting that Mr. Williams’ claims were precluded by La. R.S. 18:4231. The trial court granted the exception of res judicata as to OLD and the Board in regards to the claims of racial discrimination, discriminatory employment practices, whistleblower violations, and civil rights violations. The trial court denied the exception of res judicata as to OLD and the Board as it relates to Mr. Williams’ claims for defamation, false imprisonment, and intentional infliction of emotional distress. Finally, the trial court denied the exception of res judicata as to all of Mr. Williams’ claims against the State.[3] The State’s devolutive appeal followed. Mr. Williams also filed an answer to the appeal seeking a reversal of the partial grant of the exception of res judi-cata as to OLD and the Board.

STANDARD OF REVIEW

The peremptory exception of res judicata presents a legal question for review. Appellate courts review legal questions using the de novo standard of review. Tuban Petroleum, L.L.C. v. SIARC, Inc., 09-0302, p. 3 (La.App. 4 Cir. 4/15/09), 11 So.3d 519, 522, writ denied, 09-0945 (La.6/5/09), 9 So.3d 877; Anaya v. Legg Mason Wood Walker, Inc., 07-0654, p. 8 (La.App. 4 Cir. 5/14/08), 985 So.2d 281, 286, writ denied, 08-1289 (La.10/24/08), 992 So.2d 1040. Therefore, we must decide whether “the trial court’s decision is legally correct or incorrect.” Ins. Co. of N. Am. v. Louisiana Power & Light Co., 08-1315, p. 5 (La.App. 4 Cir. 3/4/09), 10 So.3d 264, 267. The trial court may also make factual determinations when ruling on an exception of res judicata. Those factual determinations are reviewed using the manifest error standard of review. Robertson v. Hessler, 08-1212, p. 9 (La.App. 4 Cir. 6/3/09), 13 So.3d 1214, 1220.

RES JUDICATA

The doctrine of res judicata “promotes judicial efficiency and final resolution of disputes.” Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La.7/2/96), 676 So.2d 1077, 1079. “[R]es judicata precludes re-litigation of claims and issues arising out of the same factual circumstances when there is a valid final judgment.” Ins. Co. of N. Am., 08-1315, p. 5, 10 So.3d at 267. The Louisiana Revised Statutes provides the following components of res judicata:
[e]xcept as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a *312 subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
La. R.S. 13:4231. “Res judicata cannot be invoked unless all its essential elements Rare present and each necessary element has been established beyond all question.” Asbestos Plaintiffs v. Borden, Inc., 01-1379, pp. 5-6 (La.App. 4 Cir. 8/14/02), 826 So.2d 581, 587-88. The Louisiana doctrine of res judicata was amended by Act 521 of 1990 by adopting issue preclusion. Ensenat v. Edgecombe, 97-2239, p. 3 (La.App. 4 Cir. 3/11/98), 707 So.2d 1059, 1061.
“A valid and final judgment is conclusive between the same parties, except on appeal or other direct review.” Avenue Plaza, L.L.C., 96-0173, 676 So.2d at 1079. The Louisiana Supreme Court stated that “the chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action.” Burguieres v. Pollingue, 02-1385, p. 7 (La.2/25/03), 843 So.2d 1049, 1053. However, all of the following must be fulfilled to preclude a second action:
(1)the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.
Burguieres, 02-1385, p. 8, 843 So.2d at 1053. The requirement that the parties are the same in both suits “does not mean that the parties must have the same physical identity, but that the parties must appear in the same capacities in both suits.” Burguieres, 02-1385, p. 8, 843 So.2d at 1054. The Louisiana Supreme Court found that res judicata did not apply where issues were not actually litigated or contained as an object in the judgment. Lamana v. LeBlanc, 526 So.2d 1107, 1110 (La.1988).
Exceptions to the application of res judi-cata provide that
[a] judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from |7the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.
La. R.S. 13:4232(A). This Court held that a court can “exercise its equitable discretion to balance the principle of res judicata with the interests of justice.” Fine v. Reg’l Transit Auth., 95-2603 (La.App. 4 Cir. 6/26/96), 676 So.2d 1134, 1136. While the exceptions may lessen the judicial efficiency of res judicata, the result is preferable to the loss of “substantive rights” that were not decided on the merits. Fine, 95-2603, 676 So.2d at 1137.
The mover on an exception of res judicata bears the burden of proof by a preponderance of the evidence. Guidry v. One Source Facility Serv., 04-2007, p. 3 (La.App. 4 Cir. 4/27/05), 901 So.2d 626, 628. The “doctrine of res judicata is stric-ti juris; any doubt concerning application of this principle must be resolved against its application.” Sutter v. Dane Inv., Inc., 07-1268, p. 3 (La.App. 4 Cir. 6/4/08), 985 So.2d 1263, 1265.
Mr. Williams contends that the trial court erred in finding res judicata applied *313 to his termination related claims for racial discrimination, discriminatory employment practices, whistleblower violations, and civil rights violations against the OLD. The State asserts that virtual representation should be utilized to apply res judicata to Mr. Williams’ claims and require its dismissal.

Res Judicata as to OLD

As to terminated civil servants, this Court recognized, that the “Civil Service Commission has exclusive jurisdiction over classified Civil Service employer-employee disputes that are employment related.” Eberhardt v. Levasseur, 630 So.2d 844, 846 (La.App. 4th Cir.1993). “The authority to review the basis for a | ^termination of a civil servant’s employment and decide whether it was in accordance with law is expressly and unambiguously assigned to the CSC.” Reimer v. Med. Ctr. of Louisiana, 95-2799, p. 4 (La.App. 4 Cir. 1/29/97), 688 So.2d 165, 168.
The issue of why Mr. Williams was terminated was central to the four claims to which the trial court applied res judicata. The causes of action existed at the time of the appeal in the First Circuit and arose out of the same transaction or occurrence. In essence, Mr. Williams is requesting that the issue of why the OLD terminated him be relitigated. Mr. Williams contends that exceptional circumstances exist and an exception should be utilized to preclude the application of res judicata to the four claims, due to the limited subject matter jurisdiction of the CSC.
This Court examined the subject matter jurisdiction of the CSC when a civil servant alleged that discrimination was the cause of his termination rather than the reasons stated by his employer. Reimer, 95-2799, p. 4, 688 So.2d at 168. This Court reasoned:
[t]hat his petition makes reference to other statutes does not change the nature of his claim. The authority to review the basis for a termination of a civil servant’s employment and decide whether it was in accordance with law is expressly and unambiguously assigned to the CSC.
Id. We further stated that the civil servant’s “removal is at the heart of his suit” and that “[i]n order for him to be entitled to damages it must be determined that he was unlawfully discharged from his position.” Reimer, 95-2799, p. 6, 688 So.2d at 169.
In his appeal to the CSC, Mr. Williams alleged that he was terminated due to discrimination, racial discrimination, and his status as a whistleblower. Mr. 13WiIliams’ appellant brief to the First Circuit contended that he was terminated for political or non-merit reasons. Further, Mr. Williams filed a motion for rehearing with the First Circuit asserting his status as a whistleblower. However, in the case sub judice, Mr. Williams did not prove to the CSC or to the First Circuit that he was unlawfully terminated.
Mr. Williams also urges that this Court has recognized his assertion that decisions from limited jurisdiction tribunals have limited res judicata effect in In re Asbestos Plaintiffs v. Borden, Inc., 01-1379 (La.App. 4 Cir. 8/14/02), 826 So.2d 581. We find Asbestos distinguishable. The tribunal with limited jurisdiction in Asbestos rendered a decision as to the plaintiffs last causative employer and did not make any determinations regarding the plaintiffs issues of racial discrimination or negligence. Asbestos, 01-1379, p. 7, 826 So.2d at 588. Conversely, the CSC and the First Circuit specifically held, regarding the issue of Mr. Williams’ termination, that he was lawfully terminated based on insubordination. As such, the issue of Mr. Williams’ termination has been judicially determined as to the OLD and the judgment has the preclusive effect of res judicata as to Mr. Williams’ claims for racial discrimination, *314 discriminatory employment practices, whistleblower violations, and civil rights violations. We do not find that the trial court erred in this finding and affirm.

Res Judicata as to the State

Although the First Circuit held that Mr. Williams was lawfully terminated, the State was not a party to that litigation. Accordingly, res judicata does not apply. However, the State asserts that res judi-cata attaches as to all of the claims alleged by Mr. Williams against the State through the theory of virtual representation and that a failure to apply the doctrine of res judicata could result in | minconsistent rulings. Mr. Williams asserts that the OLD was not the virtual representative of the State because the State did not function as his employer pursuant to La. R.S. 23:967.
The Louisiana Supreme Court adopted the federal requirements utilized when determining if the identity and capacity of the parties are the same in both suits and applied the representation theory to a party of plaintiffs. Forum For Equality PAC v. McKeithen, 04-2551, pp. 10-11 (La.1/19/05), 893 So.2d 738, 745. The requirements are:
(1) the nonparty is the successor in interest of a party; (2) the nonparty controlled the prior litigation; or (3) the nonparty’s interests were adequately represented by a party to the action who may be considered the “virtual representative” of the nonparty because the interests of the party and the nonparty are so closely aligned.
Id. In Forum, the second set of plaintiffs were “closely aligned with the interests of the parties” in the previous litigation because they were seeking to challenge the constitutionality of the Defense of Marriage Act. Forum, 04-2551, p. 11, 893 So.2d at 745. The Louisiana Supreme Court has not applied virtual representation to defendants. We find the case sub judice distinguishable because the OLD and the State’s interests were not adequately represented in the parallel proceedings as Mr. Williams’ allegations against the State differed as did the State’s capacity. Accordingly, we do not find that the State and the OLD were “so closely aligned” and res judicata does not apply.

LAW OF THE CASE

Lastly, the State avers that the law of the case doctrine should apply to preclude Mr. Williams from asserting the four claims against it that are res judicata as to the OLD. The doctrine “applies to parties who have previously had the identical question presented and decided by an appellate court.” Avenue Plaza, L.L.C., 96-0173, 676 So.2d at 1079. The law of the case doctrine is a “discretionary guide.” Id. This Court previously reversed the trial court and granted the exceptions of no cause of action, no right of action, and lack of subject matter jurisdiction specifically as to the OLD while the First Circuit appeal was pending. This Court’s writ disposition did not reference the State as a party and the parallel proceedings were incomplete at the time of the supervisory writ disposition. As it is discretionary in nature, we do not find that the law of the case doctrine applies to the facts and circumstances of this case.

DECREE

For the above mentioned reasons, we find that the trial court did not err and affirm.
AFFIRMED.
MURRAY, J., Concurs With Reasons.

. The Louisiana Supreme Court denied writs. See Williams v. Orleans Levee Dist., 01-1730 (La.9/14/01), 796 So.2d 686.

. Although the State joined in the pleading of exceptions, this Court's writ disposition only refers to the OLD as the relator.

. The State's motion for summary judgment was deferred.