MARION F. EDWARDS, Chief Judge.
| j>This appeal is taken by plaintiff/appellant, Occidental Properties, Ltd. (“Occidental”), from a judgment of abandonment of action for failure to prosecute in three years pursuant to La. C.C.P. art. 561. For reasons that follow, we affirm.
This matter began on September 8, 2003 when Occidental filed a “Suit on Promissory Note and for Recognition of Mortgage.” The petition asserted that Occidental was the holder of a promissory note executed by “Diane Reed, divorced wife oPand Tim T. Zufle” in the amount of $125,000. The note was executed on August 25, 1988, and the Zufles were to pay the note in 120 equal payments of $1,376 per month. A mortgage on immovable property in Jefferson Parish was filed to secure the promissory note on August 25, 1988. The petition alleges that the principal balance due on the note as of June 29, 1998 was $65,595.05. Occidental filed a “Notice of Reinscription of Mortgage” on July 13, 1998 that was recorded in the Parish mortgage records. In the petition, Occidental prays for judgment and a total of sums due for the principal amount remaining on the note, interest, attorney fees, and the cost of the proceedings. Documentation of *1137 these allegations is attached to the original petition.
Diane Zufle was served but has never answered this petition, and a preliminary default judgment was taken against her on November 17, 2003.[1] Because Tim Zufle could not be located, a curator was appointed to represent him on October 14, 2003. It appears that, from the curator’s note of evidence, Tim |aZufle was never located. However, the curator filed an answer and general denial to the action on Mr. Zufle’s behalf on November 4, 2003.
On December 9, 2003, a “Petition of Intervention and Answer to the Original Petition” was filed by Brae Asset Fund, L.L.C. (“Brae”) to contest the amount due on the note, the allegedly excessive attorney fees demanded in the petition, and for the purpose of asserting its position as second in rank to Occidental’s mortgage. In that petition, Brae represents that it is the owner of a judgment rendered against the Zufles in federal court on March 19, 1991 in favor of the FDIC and against the Zufles in the amount of $227,820, plus interest. Occidental answered the intervention petition on January 15, 2004.
On August 20, 2010, Brae filed a motion to dismiss the main action pursuant to La. C.C.P. art. 561.[2] In the motion, Brae states that Occidental propounded interrogatories and a request for production of documents to Brae on January 9, 2007. However, those interrogatories were never answered and no other discovery was conducted, and no pleadings have been filed by Occidental since the answer of January 15, 2004.
^Occidental opposed the motion to dismiss the action as abandoned arguing that other actions relating to the ranking of creditors on the same piece of immovable property are currently pending in other divisions of the Twenty-Fourth Judicial District. Occidental attached docket *1138 sheets taken from “JeffNet.” Although it does not appear that Occidental is a party-in any of these actions, it seems that Brae is party in one.[3]
Brae supported its motion in the trial court by arguing that the attachments relied upon by Occidental do not show that Occidental was a party to any of the other pending cases, or, in fact, if Occidental participated in any way. Brae also attached an affidavit by counsel as required by law asserting the action was abandoned as of January 9, 2010.
The trial court took the matter under advisement to review the record, and it ultimately rendered judgment in favor of Brae, granting its motion to dismiss Occidental’s action as abandoned. Occidental appeals that ruling.

LAW AND ANALYSIS

In the matter before us, the issues are: (1) whether other pending and related, but unconsolidated suits, provide an exception to abandonment of Occidental’s action; (2) whether the interrogatories propounded to Brae that remain unanswered constitute a step in the discovery process that would preclude the judgment of abandonment; and (3) whether the rein-scription of Occidental’s mortgage in the parish mortgage office constitutes a step in the prosecution on the promissory note as envisioned by La. C.C.P. art. 561.
La. C.C.P. art. 561(A)(1) provides that an “action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a | ¿period of three years.... ” Section (A)(3) of that article further provides, in part, that:
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. ...
Section B provides:
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
Occidental argues three things that preclude the judgment of abandonment: (1) the reinscription of the mortgage; (2) the interrogatories propounded to Brae; and (3) the pending, related actions. Occidental also asks this Court to include all divisions of a district court in the word “court” for purposes of La. C.C.P. art. 561.
Occidental reinscribed its mortgage on the property on May 20, 2008.[4] It argues that filing shows intent to continue litigation and extends the abandonment date until May 20, 2011. Occidental offers no legal support for this argument.
The recordation of mortgages is part of the public records doctrine and has been described by the Louisiana Supreme Court as a negative doctrine because it does not create rights; but, rather, denies the effect of certain rights unless they are recorded.[5] The primary focus of the public records *1139 doctrine is the protection of third persons against unrecorded interests.[6] Reinscription of Occidental’s mortgage merely renews the recordation and continues its effect as provided by law. [ ^However, it does not create rights.[7] Nor does it serve as a step in the prosecution of an action on a promissory note secured by the mortgage.
Occidental also argues that, because Brae has not responded to interrogatories propounded on January 8, 2007, the action is not abandoned. Occidental asserts that Brae is a “disobedient party” in this discovery action and, therefore, has the burden to show that its failure is justified. In support of that argument, Occidental cites Allen v. Smith.[8] Occidental’s reliance on Allen is misplaced. Allen involved a plaintiff who refused to allow discovery by one of the defendants. That defendant filed a motion to compel or dismiss. In reversing the dismissal of plaintiffs action as to that defendant, the Allen court held that the applicable law did not allow for dismissal as a sanction in that instance.
In the matter before us, there was no motion to compel filed by Occidental. According to the record and the brief on appeal, Occidental propounded the interrogatories and took no steps after that to obtain any compliance with discovery. Occidental argues that, because service of those interrogatories is an act of discovery that qualifies as a step in the prosecution of Occidental’s lawsuit, the suit cannot be abandoned as long as those interrogatories are outstanding. We do not agree that La. C.C.P. art. 561(B) should be read to allow such an indefinite period before an abandonment action can be filed. As explained by the Louisiana Supreme Court:
Abandonment functions to relieve courts and parties of lingering claims by giving effect to the logical inference that a legislatively designated extended period of litigation inactivity establishes the intent to abandon such claims. When the parties take no steps in the prosecution or defense of their claims during that legislatively ordained period, “the logical inference is that the party intends to abandon the claim and the law gives effect to this inference.” ... [9]
]7We find that Occidental’s suggested interpretation would defeat the purpose of La. C.C.P. art. 561. Occidental’s remedy was to file a motion to compel in the trial court seeking answers to interrogatories and/or sanctions.
Finally, Occidental argues that other lawsuits pending generally regarding the ranking of mortgages on the property in question is an exception to the provisions of article 561. This Court has recently noted:
There are two jurisprudential exceptions to the abandonment rule: 1) a plaintiff-oriented exception, based on contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiffs control; and, 2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.... [10]
*1140 Occidental provides this Court with no authority to support its theory that other non-consolidated lawsuits, involving the same immovable property, constitutes an exception of the above-cited jurisprudential exceptions.[11] It appears from the record that these lawsuits involve the ranking of creditors, including Brae, and Tim Zu-fle’s mother, Elodie Zufle, and a federal action for judgment filed by the FDIC. It does not appear from the record or from Occidental’s argument that Occidental is a party to any of these actions or that any of them have been consolidated with the case at bar.[12]
On a related note, Occidental suggests that this Court define “court” to include all divisions of the Twenty-Fourth Judicial District for purposes of La. C.C.P. art. 561. We find no support in law or policy that would encourage us to [^accept that definition. To do so would require a party to review every docket of every division before filing a motion to dismiss as abandoned pursuant to article 561.
Because we find no merit in Occidental’s arguments, we affirm the trial court’s judgment.

AFFIRMED

. There is no evidence in the record that the preliminary default was confirmed. Diane Zufle passed away on May 27, 2004.

. A. (1) An action, except as provided in Sub-paragraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened;
(b) In which an administrator or executor has been appointed; or
(c) In which a testament has been probated.
(2) Terminated by Acts 2007, No. 361, § 1, eff. Aug. 26, 2010.
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff’s service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).
(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk’s mailing of the order of denial.
(6) The provisions of Subparagraph (2) of this Paragraph shall become null and void on August 26, 2010.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.

. The "JeffNet" docket sheets do not show the title of the cases, only the case number. Therefore, it is not possible to be certain which entities are actual parties to the suits.

. A Mortgage Certificate in the record supports this assertion.

. See, generally, La. C.C. arts. 3338, et seq.; Cimarex Energy Co. v. Mauboules, 09-1170 (La.4/9/10), 40 So.3d 931, 944. We note that the legislature has re-enacted the Louisiana Civil Code articles relating to the recordation and reinscription of mortgages in 2005; however, the legal interpretation of these articles remains the same.

. Id.

. La. C.C. art. 3364.

. 390 So.2d 1300 (La.1980).

. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, 786-87 (citations omitted).

. Florreich v. Entergy Corp., 09-414 (La.App. 5 Cir. 2/23/10), 32 So.3d 965, 971 (citations omitted; emphasis as found in original).

. Occidental cites Reed v. Pittman, 257 La. 389, 242 So.2d 554 (1970). However, that case involved consolidated actions and is, therefore, not applicable to this matter.

. We note that a decision in one of these actions was appealed to this Court. From that opinion, it appears that the Zuñes signed a consent judgment with the FDIC to settle a federal lawsuit regarding the enforcement of a debt made to secure the debts of Silent Partner Body Armor, Inc. in 1991 in the amount of $227,820. That judgment was later assigned to Quantum Varde Asset Fund, L.L.P., which assigned the judgment to Brae. The judgment at issue on appeal was a decision in the ranking of mortgages. See, Ziifle v. Brae Asset Fund, 08-646 (La.App. 5 Cir. 1/13/09), 8 So.3d 15.